## BRIDGES *v.* SOUTHERN BELL TELEPHONE &c. CO.

A minority stockholder who co-operated in the consummation of the sale of the physical properties of a telephone company, and, with a knowledge that the sale had been made and the purchase-price paid, stood by and saw the purchaser expend large sums in the improvement of the property without objection, and inexcusably waited an unreasonable time before making objection, will be estopped by his laches and conduct from attacking the validity of the sale as ultra vires or as having been irregularly made.  Under the facts of this case the judge did not abuse his discretion in denying an injunction and the appointment of a receiver.

APRIL 12, 1911.  REHEARING DENIED MAY 10, 1911.

Petition for injunction.  Before Judge Frank Park.  Decatur superior court.  August 16, 1910.

The Bainbridge Telephone Company was incorporated by the superior court of Early county, on December 23, 1904.  It constructed and operated a telephone system in the city of Bainbridge and in the towns of Brinson and Climax, all located in Decatur county.  The physical properties of the company were incumbered by two mortgages.  On January 13, 1910, the Bainbridge Telephone Company sold and transferred by deed its physical properties to the Southern Bell Telephone and Telegraph Company, which immediately took possession of the same and expended large sums of money in the improvement of the telephone system.  On July 13, 1910, R. L. Z. Bridges, a minority stockholder of the Bainbridge Telephone Company, filed a petition against the Bainbridge Telephone Company and the Southern Bell Telephone and Telegraph Company, alleging that the sale of the physical properties of the former company to the latter was without authority of law and without any resolution of its stockholders, and without any notice to petitioner, and that the same was made collusively and in fraud of petitioner.  The prayers were, to declare the sale void, to cancel the deed, to restrain the Southern Bell Telephone and Telegraph Company from further interfering with the property of the

Bainbridge Telephone Company, and that a receiver be appointed to take charge of all the property of the Bainbridge Telephone Company. Both corporations answered. The Bainbridge Telephone Company alleged, that the petitioner, prior to the sale of its physical properties to the Southern Bell Telephone and Telegraph Company, had sold his stock to T. E. Gurr, and, in furtherance of the sale, had executed a power of attorney to transfer the same on the books of the company, and had agreed to take a certain sum of money as the purchase-price, which sum was duly tendered to and refused by the petitioner; that the municipalities where the telephone company operated had assented to the transfer by ordinances, in which rates of toll were fixed, and the sale had also been approved by the railroad commission; that the company had been legally dissolved, and notice thereof was published in a newspaper in Bainbridge, having a general circulation in the county; that the petitioner knew of the pending sale to the Southern Bell Telephone and Telegraph Company, and actively participated in consummating it; that he was instrumental in obtaining the assent of the municipality of Brinson to the sale; that the Bainbridge company was in bad financial condition and was being operated at a loss, and the sale was to the advantage of its stockholders; and that the Southern Bell Telephone and Telegraph Company had expended large sums of money in the improvement of the telephone system after the purchase by it, and the petitioner was aware that such improvements were being made at the time the money was being expended therefor. In its answer the Southern Bell Telephone and Telegraph Company made substantially the same allegations contained in the answer of the Bainbridge Telephone Company, averring, that the petitioner was not a stockholder; that its purchase of the property was legal and authorized by law; that the petitioner was estopped from contesting the sale, because he participated in bringing about the same, and knowingly permitted, without objection, large sums of money to be expended in the improvement of the telephone system after its purchase; and that the respondent was solvent, and it purchased the property of the Bainbridge Telephone Company in good faith and paid its full value for the same. Both corporations denied all charges of collusion or fraud in the matter of the sale of the property. On the interlocutory hearing the court refused a temporary injunction, and the petitioner excepted.

*Russell, Fleming & Custer,* for plaintiff.

*H. E. W. Palmer, Brutus J. Clay,* and *Hawes & Pottle,* for defendant.

EVANS, P. J. (After stating the facts.) Two reasons are advanced for denying the plaintiff the relief which he seeks; one is that he was not a stockholder, and the other that he is estopped by his conduct from attacking the sale. We will pretermit any discussion of the evidence relied on to show a sale of his stock, because the plaintiff never parted with his stock certificate, and declined to receive the purchase-price. Whether he violated his contract to sell his stock, or whether the purchaser failed to comply with the terms of sale, may be passed by; as the stock certificate with its transfer was never delivered to the purchaser. Nevertheless we think the evidence was sufficient to show an estoppel against the plaintiff from having the relief which he seeks. In his affidavit submitted at the interlocutory hearing the plaintiff deposed that the sale was not authorized by any resolution of the stockholders, nor was the corporate seal impressed upon the deed. There was no evidence to the contrary. But the deed was actually made in the corporation's name; the corporate name purporting to have been signed by its president and attested by its secretary. Treating the deed as being informally executed, and the sale as being without proper corporate action, we think, for the purposes of this case, the minority stockholder is estopped from attacking the validity of the purchaser's title. The Bainbridge Telephone Company admits the execution of the deed and the receipt of the money, and expressly ratifies the sale. It further appears that the purchaser paid full value for the property, and that the Bainbridge Company was unsuccessfully operating the business at the time of the sale. It also appears, that the petitioner knew of the pending negotiations for the sale of the telephone system to the Southern Bell Telephone and Telegraph Company; that he co-operated with the officials of the Bainbridge Telephone Company in bringing about the sale, agreeing with its president that it was to the best interest of the corporation to make the sale; that he was instrumental in obtaining the assent of the authorities of the town of Brinson to the sale; that he knew that the sale was consummated; and that after the Southern Bell Telephone and Telegraph Company had been put in possession of the property it expended large sums of money in improving it,

without any dissent or objection on the part of petitioner. There was no evidence of any fraud or collusion between the Bainbridge Telephone Company and the Southern Bell Company in making the sale, or of any intention to defraud the plaintiff. Notwithstanding the plaintiff participated in bringing about the sale, and observed the purchaser making valuable improvements on the faith of its legality, it was not until after such improvements were made, and six months after the sale, that he protested against its validity or propriety. Before a minority stockholder may proceed for acts ultra vires against the corporation, its officers, and those participating therein, he must show not only that the act is ultra vires, and that the majority stockholders are illegally pursuing in the name of the corporation a course in violation of the rights of shareholders, but also that he acted promptly. Civil Code of 1910, § 2224. If a minority stockholder postpones his complaint that the corporate act is ultra vires or irregular for an unreasonable time, or, after full knowledge of the facts, stands by and allows large operations to be completed or money expended, before he brings suit, his laches and acquiescence bar him of any right to equitable relief with respect thereto. *Alexander* v. *Searcy*, 81 *Ga* 536 (8 S. E. 630, 12 Am. St. Rep. 337). After a careful review of the evidence we do not think that the judge abused his discretion in refusing the extraordinary relief sought by the plaintiff.

The plaintiff in error complains of certain rulings on evidence; but in view of the foregoing discussion of the grounds upon which we place our decision, it becomes unnecessary to discuss them.

*Judgment affirmed. All the Justices concur.*