4154.   BRIDGES *v.* SOUTHERN BELL TELEPHONE & TELEGRAPH CO.

The allegations of the petition set forth a cause of action, and were good as against a general demurrer. The special demurrer not having been considered by the trial court, this court can not pass upon it, as it is a court for the correction of errors.

DECIDED JANUARY 22, 1913.

Action for damages; from city court of Bainbridge—Judge Harrell. March 30, 1912.

Judge Pottle being disqualified, Judge Bell, of the Atlanta circuit, was designated to preside.

*Russell & Custer,* for plaintiff.   *T. S. Hawes,* for defendant.

BELL, J. Bridges sued the Southern Bell Telephone & Telegraph Company, to recover damages in the sum of $3,000, and his petition makes, in substance, the following case: He is the owner of 30 shares, par value $100 per share, of the capital stock of the Bainbridge Telephone Company, a corporation having its place of business and principal office and agent in Decatur county, Georgia, and having no officers or agents elsewhere. The corporation has a capital stock of $20,000, its property consisting of the regular telephone appliances, with exchanges at Brinson, Climax, and Bainbridge, and being of the value of $36,000. On January 10, 1910, the Southern Bell Telephone & Telegraph Company entered into possession of all the property, real and personal, of the Bainbridge Telephone Company, and since that time has exercised full possession and dominion over said property, to the exclusion of the officers and stockholders of the Bainbridge Telephone Company, and is now exercising possession and control. The Southern Bell Telephone & Telegraph Company has never paid or offered to pay the plaintiff for his interest in the Bainbridge Telephone Company. The possession by the Southern Bell Telephone & Telegraph Company is held under some contract of sale purporting to have been executed by the former president of the Bainbridge Telephone Company. This pretended sale was entered into and effected without any authority of the stockholders of the Bainbridge Telephone Company, and without the knowledge or consent of the petitioner. Since said pretended sale, the officers and directors of the Bainbridge Telephone Company have ceased to exercise the charter rights of the company, and have failed to provide any one to account in their stead for the management of the property of the Bainbridge Telephone Company. The officers of the Bainbridge Telephone Company are seeking to vacate the charter of the company, and have abandoned all control of its property, and the company has no officer or person to manage the same. It is alleged that the possession of the property by the Southern Bell Telephone & Telegraph Company is unlawful, as against the petitioner, and has rendered valueless his stock in the company, and has damaged him in the sum of $3,000. By an amendment it is alleged that the petitioner has never been paid any sum whatever by the defendant for his stock in the Bainbridge Telephone Company, and that said stock at the time of the alleged attempted sale of the property,

was actually worth $3,000, for which sum suit is brought. To this petition, as amended, the defendant filed general and special demurrers. The court sustained the general demurrer, but did not consider the special demurrer, and dismissed the petition. A special plea in bar also was filed, challenging the jurisdiction of the court on the ground that the case was one for equitable relief, and not for a suit at law, and also setting up that the matters of the petition had been previously adjudicated by the Supreme Court of this State in the case of *Bridges* v. *Sou. Bell Tel. Co.,* 136 *Ga.* 251 (71 S. E. 161). To this plea the plaintiff filed a demurrer, on various grounds, which need not be set out, and the court overruled the demurrer; and to this judgment the plaintiff excepts. The bill of exceptions, therefore, contains two assignments of error: (1) as to the judgment dismissing the petition on general demurrer; and (2) as to the judgment overruling the demurrer to the special plea in bar.

We think the allegations of the petition set up a cause of action, and were good as against a general demurrer. *Benton* v. *McCord,* 96 *Ga.* 393 (23 S. E. 392); *Harris* v. *Grant,* 96 *Ga.* 211 (23 S. E. 390); *Tanner* v. Lindell Ry., 180 Mo. 1 (79 S. W. 155, 103 Am. St. R. 534). It is not necessary to pass upon the judgment overruling the demurrer to the special plea in bar; for, after the petition had been dismissed, no suit was pending; but as the case is to be tried again, we deem it not improper to state that the plea in bar was not sufficient to arrest the suit, and that the demurrer thereto should have been sustained, for the reason that the plea, so far as it sets up that the case is one for equity, is not well founded. While the city court has no equitable jurisdiction, it nevertheless can apply an equitable remedy by restoring property, or giving judgment for the value of property, wrongfully taken from a party. So far as this plea relates to the question of res judicata, reference to the two suits will show that they are entirely distinct, with different parties, different relief asked for, etc., although relating to the same subject-matter, to wit, the value of the stock which the plaintiff owned in the Bainbridge Telephone Company at the time of the alleged attempted sale to the defendant corporation.

*Judgment reversed.*