GRIFFIN *v.* HADEN *et al.*

ATKINSON, J. A deed executed by a private corporation, conveying land to another corporation as trustee and as security for payment of certain bonds issued by the grantor, conferred certain powers and imposed certain duties upon the trustee and its successors and assigns, with reference to the trust. The deed also provided for selection of a successor to the trustee by the stockholders of the grantor, but did not contain any provision for selection of a successor of the trustee by holders of the secured bonds. *Held:*

1. "One who creates a trust has a right to provide a method for filling vacancies and for the appointment of successors in trust; and where the trust deed provides the particular manner in which a substituted trustee shall be appointed, the directions must be carefully followed." 26 R. L. C. 1278, § 128.

(*a*) A selection of a successor to the original trustee in this case by a majority of the holders of the secured bonds was unauthorized by the contract, and a sale of the land by the person acting as such substituted trustee was void as against the bondholders who did not participate in the selection of the substituted trustee or the sale. See Queen City Perpetual Bldg. Asso. *v.* Price, 53 Md. 397-400; Wilson *v.* Armstrong (Tex. Civ. App.), 236 S. W. 755; 41 C. J. 378, § 176; 41 C. J. 940, § 1373.

(*b*) The selection of a successor of the trustee was not by the court under the provisions of the Civil Code, § 3747, nor under the allegations were the provisions of that law applicable.

2. As a general rule, courts of equity may interpose an equitable bar whenever from the lapse of time and laches of the complainant it would be inequitable to allow a party to enforce his legal rights. Civil Code, § 4369. And equity will give no relief to one whose long delay renders the ascertainment of the truth difficult, though no legal limitation bars the right. Civil Code, § 4536.

(*a*) In the instant case it would not be inequitable, on the facts alleged, to allow the plaintiff to protect his security; nor does it appear from the facts alleged that delay in commencing suit has rendered ascertainment of the truth difficult. In these circumstances the petitioner as the lawful holder of bonds, suing to preserve his security, should not be denied affirmative equitable relief by application of the foregoing gen-

eral rules, on account of mere lapse of time intervening discovery of the facts in 1928 and institution of the suit in 1930. See also *Hodges* v. *Wheeler*, 126 *Ga.* 848 (56 S. E. 76) ; *Carbine* v. *McCoy*, 85 *Ga.* 185 (3) (11 S. E. 651).

(*b*) The case differs on its facts from *Bryan* v. *Tate*, 138 *Ga.* 321 (75 S. E. 205), where the suit was for rescission of a contract alleged to have been procured by fraud, brought under the Civil Code, § 4305, which requires the complaining party "promptly on discovery of the fraud" to restore or offer to restore to the other whatever of value he has received by virtue of the contract. The case also differs from *Bridges* v. *Southern Bell Telephone &c. Co.*, 136 *Ga.* 251 (71 S. E. 161), where the party complaining was a stockholder and participated in the sale by his corporation, which he sought to set aside on the ground that the sale was ultra vires, and with full knowledge stood by and saw large expenditures made by the purchaser. The case also differs from *Crawford* v. *Crawford*, 134 *Ga.* 114 (67 S. E. 673, 28 L. R. A. (N. S.) 353, 19 Ann. Cas. 932) ; *Alexander* v. *Searcy*, 81 *Ga.* 536 (8 S. E. 630, 12 Am. St. R. 337) ; *Kelly* v. *Walker*, 91 *Ga.* 199 (17 S. E. 118), cited in the brief of defendants in error, in which the length of time and other circumstances relied on as ground of estoppel were different.

3. The judge erred in dismissing the action on general demurrer to the petition as amended. *Judgment reversed. All the Justices concur.*

No. 8001. MARCH 11, 1931.

480

*Reuben M. Tuck, Scott Candler,* and *William H. Mewbourne,* for plaintiff.

*George & John L. Westmoreland* and *Joseph M. Jones,* for defendants.