ELLER *v.* McMILLAN, executor.

No. 8576. APRIL 16, 1932.

*J. C. & H. E. Edwards,* for plaintiff.

*McMillan & Erwin,* for defendant.

Hill, J. (After stating the foregoing facts.) One branch of the present case, with reference to the transaction between the

parties to the exchange of lands mentioned in the petition, was decided in *McMillan* v. *Benfield,* 159 *Ga.* 457 (126 S. E. 246), in which case both Eller the plaintiff, and J. W. McMillan, now represented by Robert McMillan as executor, were parties. In that case this court, in passing on the same agreement rescinding the contract with reference to lands involved in the exchange, held: "The written contract of cancellation merely rescinds the contract of purchase, and does not provide that McMillan is entitled to keep the land of Benfield. This leaves the rights of the parties to be determined by a court of equity." Also: "Where under such a contract McMillan had received from Benfield a tract of land in part payment of the purchase-money of McMillan's land, which tract so received by him he had sold, upon the rescission of the contract McMillan should account to Benfield for the price at which McMillan was to take the same or its fair market value at that time." And in *Lytle* v. *Scottish American Co.,* 122 *Ga.* 458 (3) 466 (50 S. E. 402), it was held: "When a contract is rescinded, the parties are not to be left where the rescission finds them. The original status must be restored, or an equivalent therefor must be provided in the contract or furnished by the law. Civil Code [1895], §§ 3710, 3711, 3712. Generally speaking, rescission is in toto. It abrogates the contract, not partially but completely. It leaves the rights of the parties and the amount of the damages, if any, to be determined, not by the rescinded contract, but by the court of equity. Cf. Drew *v.* Pedlar, 87 Cal. 443 [25 Pac. 749], 22 Am. St. R. 258."

■ Applying the principles ruled in the foregoing decisions, did the petition in the present case allege such facts as to show that McMillan held the plaintiff's equity in the land, or the proceeds thereof, *in trust* for the plaintiff after the rescission of the contract was entered into, and that the proceeds of the sale of the land became trust funds? We are of the opinion that the petition did set out an equitable cause of action which was sufficient to withstand a general demurrer. When the rescission of the contract was made and McMillan retained possession of the house and lot he received in the trade, and subsequently sold it, he was liable to those to whom the land belonged, or the value thereof in case he sold it and retained the proceeds. Under the foregoing decisions the petitioner would have no adequate remedy at law, and he could have

his rights determined under the contract of rescission only in a court of equity.

■ Having decided that the plaintiff could have his rights determined in a court of equity, was he guilty of such laches as would prevent him from recovering under the allegations of his petition? The period of limitation relative to actions to recover in cases of implied trusts is seven years. This suit was instituted, according to the record, shortly after the expiration of four years from the date of the rescission of the contract, and the period from which laches is determined is fixed in equitable proceedings according to the circumstances in each case. In *Equitable B. & L. Asso.* v. *Brady,* 171 *Ga.* 576 (2) (156 S. E. 222), it was said: "Whether delay in asserting one's rights constitutes laches depends on whether it was reasonable under the circumstances. If the delay was reasonable, it does not of itself bar relief; if unreasonable, relief will ordinarily be denied. . . In some cases long lapse of time has been held sufficient of itself to prevent relief. But mere delay in asserting a right does not· ipso facto bar its enforcement in equity, by the great weight of authority, unless the case is barred by the statute of limitations. To constitute a defense, the delay must have been such as practically to preclude the court from arriving at a safe conclusion as to the truth of the matters in controversy, and thus make the doing of equity either doubtful or impossible, as through loss or obscuration of evidence of the transaction in issue, or there must have occurred in the meantime a change in conditions that would render it inequitable to enforce the right asserted, or, as commonly phrased, the delay must have worked injury, prejudice, or disadvantage to defendant or others adversely interested, or plaintiff must have abandoned or waived his right, or acquiesced in the assertion or operation of the adverse right, or lost his own right by estoppel; or sufficient time must have elapsed to create or justify a presumption against the existence or validity of plaintiff's right; or a presumption that if plaintiff was ever possessed of a right, it has been abandoned or waived or has been satisfied, or that in consequence of the delay the adverse party would be inequitably prejudiced by the enforcement of the right asserted." See also *Citizens & Southern National Bank* v. *Ellis,* 171 *Ga.* 717 (3), 733 (156 S. E. 603). There is no statute fixing seven years as a bar in cases of implied trusts; yet this court

has held by analogy that the period of seven years will apply in such cases. *Wallace* v. *Mize,* 153 *Ga.* 374, 383 (112 S. E. 283). Trusts are implied whenever the legal title is in one person but the beneficial interest, either from the payment of the purchase-money or other circumstances, is either wholly or partially in another. Civil Code (1910), §§ 3732, 3739. In the present case J. W. McMillan, one of the parties, is dead, but the action was brought before his death, and his administrator is made a party to the suit. Under the decision in *McMillan* v. *Benfield,* the status of the Benfields was fixed, and Eller stands in a similar position. When the contract of rescission was executed, the equity in the house and lot reverted to the plaintiff, and it became impressed with a trust, and McMillan held it for the benefit of plaintiff as on an implied trust. In view of the facts as alleged and of the decision in *McMillan* v. *Benfield,* supra, we do not think that the plaintiff has been guilty of such laches that his petition should be dismissed on demurrer on that ground.

■ We are of the opinion that the petition, construing paragraphs 1 and 5 together, sufficiently describes the property in controversy. Paragraph 5 alleges that "said house and lot is located on the north side of Tallulah Falls, Georgia, and being known as the Dr. P. T. Norcop tenant-house and lot, and being the property where petitioner formerly lived," etc. We are of the opinion that the court erred in sustaining the demurrers.

*Judgment reversed. All the Justices concur, except*

GILBERT, J., dissenting. The only prayers in the petition, other than for process, are "that petitioner have judgment for the amounts set forth in his petition, together with interest," and "that petitioner have such other and further relief as he may be entitled to in the premises." Neither of these, construed in connection with the petition, seeks any equitable relief. The only relief sought is for a money judgment for $500 and interest, the reasonable market value of the house and lot traded to McMillan, which trade was evidenced by transfer and assignment of a bond for title by which petitioner held his property. The petition alleges that on rescission McMillan did not reassign the bond for title, and sold the property to an innocent purchaser, which constituted a breach of contract to rescind. All other allegations merely serve to show a complete history of the transaction. Peti-

tioner is not seeking to recover the property, or to establish any equitable rights, notwithstanding the allegations with reference to "accounting" and being "remediless at common law," and in his amendment "that by virtue of the rescission contract that the defendant holds said house and lot or the value thereof as a trust fund, and now holds the same in trust for the benefit of plaintiff." *Burress* v. *Montgomery,* 148 *Ga.* 548 (97 S. E. 538). The petition and the prayer in *McMillan* v. *Benfield,* supra, differed from this petition. In the former the prayer was construed to ask alternative relief,—specific performance or money judgment. For that reason this court took jurisdiction. Headnote 4 (*a*) of that case had reference to that case. In this case petitioner did not make a case for equity jurisdiction. This court being without jurisdiction, the case should be transferred to the Court of Appeals, which has jurisdiction. Code, § 6502.