GRANT *v.* HART *et al.*

156

No. 13643.   May 15, 1941.

*Spence & Spence,* for plaintiff in error. *Houston White,* contra.

JENKINS, Justice. Only the ruling in division 8 of the syllabus, relating to the statute of limitations and laches, requires elaboration. The Code, § 3-709, declares: "All actions against executors, administrators, guardians, or trustees, except on their bonds, shall be brought within 10 years after the right of action shall have accrued." In order for this period of limitations to apply, however, the trustee must by word or act hold adversely to his cestui que trust. This is true for the reason that as long as the trust is "subsisting," that is, where the trustee does not hold in his own

right but for the benefit of his cestui que trust, under the Code, § 3-713, the statutes of limitation would not apply, but in such cases recourse must be had to the equitable doctrine of laches. On the other hand, in cases of implied or constructive trusts, founded on fraud, "where the party claims title to the property in his own right, and is sought to be converted into a trustee by operation of law, the statute begins to run in his favor from the time of his possession, . . for the reason that his possession never was the possession of the alleged cestui. que trust." *Keaton* v. *Greenwood*, 8 *Ga.* 97, 103. The same principle was expressed in *Scott* v. *Haddock*, 11 *Ga.* 258, 264; *Thomas* v. *Brinsfield*, 7 *Ga.* 154, 158; *Morgan* v. *Morgan*, 10 *Ga.* 297, 306; Kane v. Bloodgood, 7 Johns. Ch. R. 111. Accordingly, as was held in *Wylly* v. *Collins*, 9 *Ga.* 223 (15), 242, "the statute of limitations applies to constructive trusts." In *O'Neal* v. *O'Neal*, 176 *Ga.* 418 (2, 3) (168 S. E. 262), after defining constructive trusts as those raised by equity in respect to property acquired by fraud, and after quoting the Code, § 3-709, which provides a ten-year limitation against "trustees" and other fiduciaries, "except on their bonds," it was held that this section "applies to constructive trusts." See *Citizens & Southern Bank* v. *Ellis*, 171 *Ga.* 717 (3), 733 (156 S. E. 603), in which it was held that "an action brought against trustees for accounting in equity' must be brought within 10 years after the right of action accrues." These decisions, holding applicable the ten-year period of limitation fixed by the statute, control the instant suit, where the petition, brought within less than seven years from the date of the first transaction complained of, seeks to establish and enforce a constructive trust based on alleged fraud involving personalty received and held by the defendant adversely to the plaintiffs, and to have an accounting and recover its proceeds and income.

Cases applying a seven-year period of limitation to suits which sought to enforce an implied trust for recovery of *land* seem to be based on a different rule, to wit, that an adverse holding for seven years under color of title will preclude its recovery, the same as in' an action of ejectment. See, in this connection, *Wallace* v. *Mize*, 153 *Ga.* 374, 383 (112 S. E. 724); *Stonecypher* v. *Coleman*, 161 *Ga.* 403 (2), 411 (131 S. E. 75); *Whittle* v. *Nottingham*, 164 *Ga.* 155, 161 (138 S. E. 62); *Eller* v. *McMillan*, 174 *Ga.* 729 (2, 3), 733 (163 S. E. 910); *Harris* v. *Neuman*, 179 *Ga.* 879 (2), 883 (177 S. E. 698).

(*a*) However, the defendant insists that even though a period of limitations may have been fixed by statute, this time should be reduced by the equitable doctrine of laches (Code, §§ 3-712, 3-713, 37-119), and that the present suit is so debarred. As to the application of the equitable doctrine to reduce such a statutory period, if the facts and circumstances show laches, it was held in *McDonald* v. *Sims*, 3 *Ga.* 383, that "courts of equity usually act in obedience and in analogy to the statutes of limitations, in cases *where it would not be unjust and inequitable to do so.*" (Italics ours.) On a petition to cancel deeds as a cloud on title to land, where by analogy a seven-year period of limitation was applied, this court held: "The true owner of land out of possession must seasonably apply to a court of equity for the cancellation of a deed alleged to be a cloud on his title, under which the person in possession claims title, and of which claim the true owner has notice, or he will be barred by his laches. But equity follows the analogy of the law, and will not close her doors to the complaint of the true owner . . when the complaint is made within a less time than that in which prescription could have ripened, *and where no special circumstances appear demanding an earlier application.*" (Italics supplied.) *Pierce* v. *Middle Georgia Land &c. Co.*, 131 *Ga.* 99 (4), 103 (61 S. E. 1114). See *Citizens & Southern Bank* v. *Ellis*, supra, which, like the instant case, involved enforcement of an implied trust with an accounting against trustees, and in which it was held that the suit, brought in eleven years after the right of action accrued, was barred both by the ten-year statutory period and by laches, three witnesses having become incapable of testifying, and an "ascertainment of the truth" having become "very doubtful, if not impossible." See also other cases following or holding to the same effect, *Pierce* v. *Middle Ga. Land Co.*, supra, *Stanley* v. *Reeves*, 149 *Ga.* 151 (2), 154 (99 S. E. 376) ; *City of Barnesville* v. *Stafford*, 161 *Ga.* 588 (3, *d*), 592 (131 S. E. 487) ; *Morris* v. *Morris*, 76 *Ga.* 733 (3), 737. Accordingly, even though the ten-year period prescribed by the Code, § 3-709, was applicable to an alleged constructive trust of the character stated, involving personalty, this period would be reduced, if special circumstances were alleged, demanding an earlier application to a court of equity.

(*b*) As to what averments would be necessary to show such laches, the rule was stated in *Citizens & Southern Bank* v. *Ellis*,

supra, as follows: "The delay must have been such as practically to preclude the court from arriving at a safe conclusion as to the truth of the matters in controversy, and thus make the doing of equity either doubtful or impossible, due to loss or obscuration of evidence of the transaction in issue, or where the lapse of time has been sufficient to create or justify a presumption against the existence or validity of the plaintiff's right, or to justify a presumption that, if the plaintiff was ever possessed of a right, it has been abandoned or waived, or has been satisfied." See, to like effect, *Equitable Building & Loan Asso.* v. *Brady,* 171 *Ga.* 576 (2), 585 (156 S. E. 222) ; *Griffin* v. *Haden,* 172 *Ga.* 478 (2, a) (157 S. E. 686) ; *Eller* v. *McMillan,* supra.

Under the preceding holdings, and in the absence of averments bringing the petition within these rules as to laches, the action was not barred by lapse of less than seven years from the accrual of the cause. The court did not err in overruling the grounds of demurrer, raising the defense of the statute of limitations and laches.

*Judgment affirmed. All the Justices concur.*