COWART *et al.* *vs.* YOUNG *et al.*

1. If a person takes possession of land which he knows does not belong to him, or any one from whom he purchases, no prescription will run in his favor, however long he may hold possession of the same. His possession, under such circumstances, originated in fraud, and time will not cure or sanctify the fraud.

2. If one who was in possession of land under a title which he knew to be bad, the land being, in fact, a part of the estate of a decedent, procured another person to administer on the estate for the purpose of divesting the title of the heirs at law and obtaining it

himself, there being no legal necessity for an administration, and did thus obtain the title, a court of equity would decree such title to be void, and would return the land to the heirs at law, together with mesne profits for the time it was so held.

(*a.*) There is equity in the bill, and the complainants are not barred by lapse of time.

3. The residence of the substantial defendant should have been alleged to be in the county where the bill was filed, but it being conceded that his residence was in that county, the bill can be amended in that particular; and it should only have been dismissed on this ground, if not amended.

February 24, 1885.

Title. Prescription. Fraud. Administrators and Executors. Equity. Venue. Before Judge POTTLE. Rabun Superior Court. September Term, 1884.

Reported in the decision.

HOKE SMITH; W. T. CRANE, for plaintiffs in error.

BARROW & ERWIN, for defendants

BLANDFORD, Justice.

The complainants, the plaintiffs in error, filed their bill in the superior court of Rabun county against the defendants in error, in which they alleged that, as the only heirs at law of Joseph Fowler, deceased, they were the owners of certain lands in said county; that said W. D. Young, without any authority, took possession of said lands in 1870; that he fraudulently procured one Margaret Fowler to make him a quit-claim deed to this land, he paying her ten dollars for the same, she notifying him that she had no title to the same or claim thereon, in the year 1871; that in 1872, he obtained a deed to said land from one J. L. Shirley, well knowing that he had no claim or title to this land; that these deeds were obtained by Young to defraud plaintiffs; that said Young then formed a fraudulent conspiracy with one Sumter, a near relative, by which

he procured Sumter to take out administration on the estate of said Joseph Fowler, deceased, so as to cause the land to be sold, so that Young could get the title to the same, and divest the title of plaintiffs, neither Young nor Sumter being of kin or creditors of Fowler, nor in any manner interested in his estate, nor were there any debts to pay, nor was administration necessary; that the ordinary granted an order to sell the land, and the same was purchased by Young for the fraudulent purpose of defeating the title of plaintiffs; that said Sumter was never in possession of this land as administrator, but Young remained in possession of the same, and Sumter had administered, sold the land, and been discharged before the plaintiffs ever heard of the transaction.

The bill prayed for general relief, and that the land be decreed to plaintiffs, and for an account for mesne profits. To this bill the defendant filed a demurrer.·

(1.) For want of equity.

(2.) Because the bill did not allege that the defendants, or either of them, resided in Rabun county.

(3.) Because the plaintiffs were barred of any recovery by the statute of prescription.,       .       .

The court sustained the demurrer on all grounds and dismissed the bill.

To this decree the plaintiffs excepted, and assign error thereon.   The plaintiffs, by their counsel, moved the court for a re-hearing of the case, and showed for cause that plaintiffs' counsel was providentially absent when said case was heard on the demurrer, being sick and unable to attend the court, and that if he had been present, he would have amended the bill, and filed an amendment thereto.

The court refused to grant a re-hearing of said case, and plaintiffs excepted, and also assigned this as error.

It is now too well settled in this state to require argument or demonstration, that if a person takes possession of land which he knows does not belong to himself or any one from whom he purchases, no prescription will run in

his favor, however long he may hold the possession of the same. His possession, under these circumstances, originated in fraud, and time will not cure or sanctify the fraud.

If Young procured Sumter to administer on Fowler's estate for the purpose of divesting the title of the heirs at law, the plaintiffs, and procuring it himself, there being no legal necessity for such an administration, and he thus procured the title himself, then a court of equity would decree the title in Young to be void, and decree the land to the heirs at law ; also mesne profits for the time Young held. Such conduct on Young's part is fraudulent, and he will not be allowed to reap any benefit or advantage by such fraud.

There is an abundance of equity in the bill, and the court erred in dismissing it for want of equity; nor are the complainants barred of their rights by lapse of time.

We think that the complainants should have averred the residence of Young to be in Rabun county when the bill was filed, but it is conceded by counsel for defendants in error that he does reside in Rabun county, and the bill can be amended in this particular, but it should only have been dismissed on this latter ground alone if not amended.

It is not necessary to notice the other assignment of error, as the case will have to go back, when the bill will be open to such amendments as the complainants may think proper to make.

Judgment reversed.