C. E. CARPENTER and BROYLES & SON, for plaintiffs.

No appearance *contra.*

---

### KELLY *et al. v.* WALKER.

1. A part of the necessary equity of heirs to set aside a sale of land made by an administratrix to herself is that they shall make their election to do so within a reasonable time. If they seek to set aside the sale after the lapse of a very long time, on the ground of their ignorance of the facts, or on the ground of fraud by the administratrix in concealing the truth, it is necessary to allege facts which would excuse or justify ignorance both as to the real character of the sale and the fraud, or show that the heirs have exercised ordinary diligence to discover their rights.
2. The bill having been filed more than ten years after the sale complained of, and no facts accounting for the ignorance or vindicating the diligence of the complainants being set forth, there was no error in dismissing it on motion at the hearing for want of equity, although it had not previously been demurred to.

March 3, 1893.                    *Judgment affirmed.*

Before Judge BOYNTON. Henry superior court. April term, 1892.

A bill was brought on July 18th, 1887, against Charles R. Walker, guardian, by B. M. Kelly et al., heirs of Reuben Kelly, deceased. On oral demurrer the same was dismissed at the hearing, on the grounds: (1) for want of proper parties, the estate of Mary Kelly, deceased, not being properly represented; (2) that the complainants did not offer to pay back the $1,400 alleged to have been paid for the land in question by Mary Kelly; (3) that there was no ground for equitable relief set forth. The complainants excepted, alleging that the court erred in hearing the oral demurrer, the bill having been filed several years previously, and no written demurrer having been made; and that the court erred in sustaining the demurrer on the grounds stated.

The allegations of the bill were, in brief, as follows: In 1875 Reuben Kelly died intestate, owning and possessing two hundred and twenty acres of land; his wife, Mary Kelly, was duly appointed his administratrix, and on January 15th, 1876, having obtained leave of the court and made due advertisement, she put up the land for sale, but instead of conducting the sale according to law she had the land bid off for her by Levi Turner, and on the same day made to him an administratrix's deed, and he made to her a deed dated January 14th, 1876. No money or other consideration of value passed between them, and the transaction was simply a purchase by an administratrix at her own sale. The real facts connected therewith were unknown to complainants until March, 1887, and they elect that the transaction be declared void and a resale of the property be decreed. Mary Kelly fraudulently concealed the truth from them and went into possession of the premises. On June 2d, 1884, she became indebted to Charles Walker $914.17, and gave her note therefor, due June 1st, 1884, securing it by a deed or mortgage on the property. Walker knew the real character of her

title, and the facts connected with the sale and transfer between her and her attorney. She died in 1886, and complainant B. M. Kelly was appointed her administrator. Meantime Charles R. Walker was appointed guardian of Charles Walker, and afterwards Charles Walker died. B. M. Kelly, administrator, believing that the title to the property was good, obtained leave of the court to sell it for the purpose of distributing and paying debts; but before the sale could be consummated a claim was interposed by Walker, guardian, who was then prosecuting suit to collect Mary Kelly's note to Charles Walker. Judgment was rendered at the spring term, 1887, of court, against B. M. Kelly, administrator; a levy was made on the property, and on the first Tuesday in June, 1887, it was sold by the sheriff and purchased by Walker, guardian. No notice of the levy was given to complainants or the tenants in possession, and they only learned of the same two weeks after the sale. Walker, guardian, seeks to obtain possession under his sheriff's deed. On March 7th, 1887, B. M. Kelly was appointed administrator *de bonis non* of Reuben Kelly, and as such is now in actual possession of the land. No benefit direct or indirect accrued to complainants from the consideration of Mary Kelly's indebtedness to Charles Walker. They waive discovery and pray for cancellation of the sheriff's deed to Walker, guardian, and of the deed from the administratrix to Levi Turner, that the administratrix's sale and the transfer be declared void, and that a resale of the property by the administrator *de bonis non* be decreed.

By amendment, they alleged that the land at the time it was purchased by Levi Turner for Mary Kelly was worth largely more than $1,300, which was his bid, for which sum she accounted in her settlement with the heirs, and that it was then and is now well worth

$2,500. Complainants are sole heirs of Reuben and Mary Kelly. It is useless for them to pay back to Mary Kelly's estate the sum she paid for the land, which would simply be paying money by themselves to themselves; such payment is not required or demanded by her administrator who expressly agrees that this be not done; besides it is impossible for complainants to tender or pay back the money, because of straitened and embarrassed financial circumstances and their poverty. The place is worth enough for it to be sold and, repay Mary Kelly's estate the amount to which it may be entitled, and have at least $1,100 left; and if complainants be required to refund the sum so paid by her, they pray that the land be sold and the proceeds be applied first to the payment of that claim. The sheriff's sale was illegal. Complainants had no notice or knowledge of it and were not present; had they known they would not have suffered the land to go to sale and be sacrificed as it was. At that very time said Walker, plaintiff in *fi. fa.* and purchaser at the sale, had pending in the superior court a claim setting up title to the place, filed by him at the time B. M. Kelly sought to sell the place as administrator of Mary Kelly. Complainants then supposed the place was really subject to Walker's debt, and the administrator and complainants agreed and are anxious that the proceeds of the sale be first applied to the payment of Walker's debt, and agreed with him that he should receive the money from purchase and first pay himself, but he declined to accede thereto and interposed the claim and stopped the sale. He was then pressing his suit against Mary Kelly's estate, and continued to press it to a judgment, unnecessarily adding costs and attorney's fees. The sale to him in January, 1887, was when the title was under a cloud on account of which bidders were deterred from bidding, which circumstances were de-

signedly brought about to enable him to buy the place for less than its value and pay for it with his claim against Mary Kelly, part of which (the costs and attorney's fees and some of the interest in the judgment) was unconscionable and inequitable. He bid off the place for $1,052, and now seeks to assert title under the sheriff's deed.

By further amendment complainants say that their admission in the foregoing amendment, that Mary Kelly, administratrix, had accounted to the heirs for the $1,400 alleged to have been paid by Levi Turner, and that she had settled with them, was inadvertently made; and that complainant B. M. Kelly did not know that this admission was in the amendment. The truth is she had not fully settled with the heirs, and was due them more than $1,000. She never received one dollar from Levi Turner from the sale of the place, and could not have distributed it to complainants. She had no greater interest in the land than one fifth, and the defendant had no right to proceed against her estate or to sell any greater interest in the land than one fifth. He has received the rents and profits for more than four years, amounting to a much larger sum than the interest Mary Kelly had in the land, and has therefore received the utmost value of the property owned by her in the discharge of his debt, and has no right to be paid the balance of his debt out of complainants and to hold the same against their rights. Wherefore they pray, that the sheriff's deed be cancelled, and that the land be decreed to be free of any claim of the defendant.

W. A. TIGNER, for plaintiffs.

E. J. REAGAN, for defendant.