ETHEREDGE, survivor, *et al. v.* SLAYTON *et al.*

1. It appearing that the petitioners delayed for more than seven years after attaining their majority to assert any right or title to the land in dispute, and the circumstances being such that with the least diligence they might, upon becoming of age, have ascertained that their father's administrator was himself the purchaser of the land at his own sale, and no reason or excuse for their failing to ascertain this fact being shown, their election to set the sale aside was not made within a reasonable time. *Candler, executor,* v. *Clarke et al.,* 90 *Ga.* 550 ; *Kelly* v. *Walker,* 91 *Ga.* 199, 17 S. E. Rep. 118.

2. Although the land may have been sold by the sheriff pending a claim duly interposed under the statute, and in consequence no title passed to the purchaser, this would be no cause for enjoining the purchaser from conveying or encumbering the premises pending a suit to set aside his purchase. The *lis pendens* would charge with notice those who might deal with him on the faith of his title.

3. It was error to grant the injunction as to any or all of the defendants.                     *Judgment reversed.*

April 16, 1894. Argued at the last term.

Petition for injunction. Before Judge BUTT. Harris county. January 22, 1894.

Abner Bankston died in 1864, leaving a widow and three young daughters, and a considerable estate of realty and personalty. The widow became his administratrix. In 1866 she married W. C. Davis, who was appointed administrator *de bonis non* of the estate, and guardian of the minors. He obtained leave to sell the lands of the estate, and on January 4, 1870, made a sale of them to his brother, with a conveyance by deed. On the same day he took from the brother a deed conveying the land back to him individually. No money was paid for either conveyance, the arrangement being really a purchase by the administrator at his own sale. He has never been discharged from the administration or the guardianship. In 1886 and 1889 he made deeds (recorded in 1892), to the daughters of Bankston, who

had always lived with him and their mother on the lands in question, and two of whom had married. He put them in possession of the parcels so conveyed. These daughters are the plaintiffs in the present case. The youngest of them was not under twenty-nine years old when the petition was brought in August, 1893. The object of the petition was, to have a decree declaring void the deeds from Davis to his brother, and *vice versa,* and vesting the title to the lands in petitioners, and also declaring void a sheriff's deed conveying part of the lands to Stanford under levy and sale by virtue of an execution in favor of one of the creditors of Davis ; for account ; and for injunction restraining Stanford from selling, encumbering or disposing of the land sold by the sheriff, and restraining the judgment creditors of Davis from further enforcing their executions against any of the property. Plaintiffs swore that they knew nothing of the facts on which their petition is predicated, until within the two years before the hearing. They further contended that the sale by the sheriff took place in spite of the fact that a claim had been duly interposed by them and had not been disposed of, and that on account of the irregularity or illegality of the proceeding the land did not bring half its value. The evidence for defendants was in conflict with that for plaintiffs. It appears that the judgments sought to be enjoined were rendered in 1879, 1884 and 1886, upon debts contracted for supplies, etc., the credit having been given upon the faith of the ownership by Davis of the land in question, and without notice of the claim of plaintiffs ; that the property had twice been found subject to the executions as against claims set up by him under an alleged homestead right ; that the property sold by the sheriff brought a fair price ; etc. The injunction was granted as prayed for, and defendants excepted.

GOETCHIUS & CHAPPELL, B. F. McLAUGHLIN, J. M. MOBLEY and L. L. STANFORD, for plaintiffs in error.

C. J. THORNTON, M. McMICHAEL, B. H. WALTON and J. H. WORRILL, *contra.*