## HOLLENSHEAD *v.* PARTRIDGE *et al.*

The facts. as disclosed by the allegations of the petition and the uncontradicted evidence present a case in which, as a matter of law, a court of equity should interpose a bar to the assertion of the plaintiff's demand, on account of his laches and long delay and the change of the status during that time.

No. 1577. SEPTEMBER 28, 1920.

Equitable petition. Before Judge Walker. Lincoln superior court. July 16, 1919.

*W. A. Slaton,* for plaintiff. *C. J. Perryman,* for defendants.

ATKINSON, J. In 1901 T. H. Remsen executed a warranty deed conveying to John C. Hollenshead a described tract of land. The land was encumbered by a senior mortgage and certain common-law fi. fas. The mortgage was foreclosed in 1902. In January, 1903, the land was sold by the sheriff under the mortgage fi. fa.; the common-law fi. fas. also being in the hands of the officer. In order to protect his title Hollenshead bid in the property, paid the amount of his bid, and received a deed from the sheriff. In 1904 Remsen died intestate, while living in Columbia County, leaving a widow and minor child by her and one minor child and four adult children by a former marriage. There was no administration on his estate. In March, 1904, on application of the widow, the court of ordinary of Lincoln County (in which county the widow then resided) approved and entered of record a report of appraisers

setting apart a statutory year's support for the widow and the two minor children. The report described the property set apart as follows: "All the undivided one-half interest in a tract of land in the Town of Lincolnton known as the Remsen Place, containing five acres, and the improvements thereon, subject to a debt against the same due and owing to Carolyn P. Cumming, who holds a security deed securing the same and of record; also one unimproved lot containing one acre in the Town of Lincolnton; all of the open accounts and outstanding claims due to said T. H. Remsen." The only land left by the intestate was his interest in the Remsen home place mentioned in the above report, and a vacant lot on the opposite side of the street from that place, containing about 1.8 acres. In 1906 or 1907 the home place was sold and the widow and minors realized therefrom about $500. Subsequently the widow died intestate, leaving as her sole heir at law her minor child above mentioned. No disposition was made of the 1.8-acre tract, but it was taken in charge by the heirs of T. H. Remsen under the laws of inheritance; it being contended that the provision in the order setting apart a year's support, "also one unimproved lot containing one acre in the town of Lincolnton," was void for uncertainty and did not devolve title to the 1.8-acre lot. In 1915 one of the heirs died, leaving a widow; and his undivided one-seventh interest in the lot last mentioned was included in a statutory year's support set apart for his widow and minor children. In 1917 Mrs. Lillian Partridge, one of the daughters of T. H. Remsen, who continued to live in the county, purchased for a nominal consideration the undivided interests in the land of each of her surviving sisters and brothers (they having moved away), and received deeds from each, in which it was recited that the land had come by inheritance from T. H. Remsen, deceased. Prior and subsequent to the death of T. H. Remsen, John C. Hollenshead purchased and sold land in the immediate vicinity, and was informed as to the value of the 1.8-acre lot and knew that Mrs. Partridge and her cotenants claimed it by inheritance from the estate of T. H. Remsen, deceased. There was great enhancement in the value of the land after the death of T. H. Remsen. In 1918, after such enhancement, Hollenshead instituted an equitable action against the living children of T. H. Remsen, deceased, founded on the aforementioned breach of warranty and distribution to such'

children of assets belonging to the estate of Remsen, exceeding the amount of the debt. It was sought to recover against the children a personal judgment for the amount which Hollenshead had been required to pay out to protect his title, with interest thereon from January 1, 1903. Certain of the defendants, being non-residents, were not served. The only two who were served defended, and among other things set up an equitable bar of laches. No explanation was given for the delay in bringing suit. In ascertaining the value of the assets distributed to the defendants, the plaintiff contended for the enhanced value as existing at the time of the trial, as a basis for enlarging the amount of his recovery. The jury returned a verdict for the plaintiff against each of the defendants who answered, for small amounts. The plaintiff moved for a new trial; the motion was overruled, and he excepted.

The plaintiff comes into a court of equity, seeking equitable relief. He has delayed bringing his suit for 15 years, under peculiar circumstances, and without giving any explanation for the delay. The breach of the bond occurred while the obligor was in life; and the damage could have been paid by him, or he might have had some other ground upon which to defeat the demand, which he can not now explain. If there was no defense to the demand, the plaintiff could have subjected the property before it fell into the hands of the distributees (the fact now relied on to involve them in personal liability for the debt). The debt enhanced by accumulation of interest, which could have been prevented by payment had the heirs known of the demand. The property enhanced greatly in value, a fact which, under the law as contended by plaintiff, would have enlarged the defendants' personal liability. Under the circumstances of the case, as disclosed by the allegations of the petition and the uncontradicted evidence, a case is presented in which, as a matter of law, equity would interpose a bar to the plaintiff's demand, on account of his long delay, and the change of the status during that time. Civil Code, §§ 4369, 4536; *Southern Ry. Co.* v. *Lancaster,* 149 *Ga.* 435, 458 (100 S. E. 380) ; 10 R. C. L. 400, § 147. As the plaintiff ought not to have recovered a verdict for any amount, the judgment refusing his motion for new trial will not be disturbed.

*Judgment affirmed. All the Justices concur.*