21667. SAPP *v.* RAGAN *et al.*

Decided February 11, 1932.

*A. R. Ross, C. W. Atwill,* for plaintiff in error.
*J. H. Milner, Will Ed Smith,* contra.

Jenkins, P. J. This was a suit by Ragan Brothers against Mrs. T. O. Sapp on four promissory notes for supplies, secured by mortgages on crops described as growing on the land of the defendant, which notes are described as follows: One note for $250, payable to plaintiffs, dated May 13, 1928, reciting that it was given "for supplies on my place in Dodge County, Georgia;" one note for $181.45, payable to plaintiffs, dated May 14, 1928, and reciting that it was given "for supplies 1928 crop;" one note for $224.60, pay-

able to the International Agricultural Corporation, and indorsed to plaintiffs by the payee, and reciting that it was given for commercial fertilizers; the remaining note was for $548.04, payable to plaintiffs, dated May 13, 1928. The consideration of the last-mentioned note is set forth, by its own terms, as follows: "For personal a/c bal. 1926, $58.79; Gin a/c 1926, $31.25; Mule note, 1926, $40.00; Frank Daniel a/c, $302.29; Int. unpaid on 1927 note, $43.20; Bal. due personal a/c 1927, $13.55; Bal. gin a/c 1927, $9.14; Int. for 1928 to Sept. 1, $49.82=$548.04."

The defendant filed an answer alleging that the notes sued on represented an assumption by her of her husband's debts, and that at the time she executed them she was not physically and mentally able to understand her acts and conduct in so doing. This last-mentioned defense does not, however, seem to be in any wise insisted upon before this court. The record shows that the first three notes mentioned purport on their face to be given for supplies to make a crop for that year (1928), and each of them recites that the crops mortgaged are growing on the lands of the defendant, the signer of the notes. The remaining note, for $548.04 appears, from the testimony of one of the plaintiffs, to have been executed in renewal of a former note, which was introduced in evidence. The former note was dated April 20, 1927, was for the sum of $704.48, and recited on its face that it was made up of the following items:

"For personal a/c to Jan. 1st, 1927, $74.53; For gin a/c 1927, $31.25; For mule note, $40.00; Frank Daniel (ledger), $496.48; Int. to 9-1-27, $64.22=$706.48."

It is undisputed that the mule note referred to was an old note held by the plaintiffs against the defendant's husband, C. W. Sapp, and that the Frank Daniel account was the account of a hand who lived on Mrs. Sapp's place, which accrued in a former year, and which had been covered by a note signed by both Daniel and C. W. Sapp. The gin account, which appears in the list of items as "gin account 1927," was evidently a gin account for some previous year while C. W. Sapp was operating the farm, since the note was dated April 20, 1927, before any cotton of the 1927 crop could have been ginned, and in the renewal note sued on a gin account in the same amount is listed as the "Gin a/c 1926." It does not appear from the face of the note whether the "personal" account referred to was the personal account for the defendant or the personal account of

her husband, but the note bears an entry of credit as follows: "9/28 By Cr. on C. W. Sapp personal a/c, $15.74." Deducting the amount of this credit from the amount of the personal account set forth in the original note, there is left the amount of the personal account referred to in the note sued on, and it thus appears that the personal account included in the items going to make up the note sued on was not the personal account of Mrs. Sapp, but the personal account of Mr. Sapp. There is no evidence going to show that the defendant, Mrs. Sapp, was engaged in farming operations during the year 1927, or during any year earlier than the year 1928. There is, therefore, nothing to indicate that the items included in those going to make up the amount of the note sued on, listed as "bal. due personal a/c 1927" and "bal. gin a/c 1927," were furnished to Mrs. Sapp, or to contradict her testimony that she owed no part of the consideration represented by the note for $548.04.

While the evidence of the plaintiff with respect to the other three notes is not in itself full and specific, the defendant, Mrs. Sapp, by the notes executed expressly declared that the crop for 1928 was her crop growing on her lands, and that the consideration was for supplies for that place. The evidence indicates that, although the bulk of the items furnished during the year 1928 were actually delivered to her husband, or some of the hands on the place, some of the purchases were in fact made by her. We think the jury were authorized to find that the defendant was carrying on farming operations during the year 1928, despite the testimony of herself and her husband to the contrary, and that the husband, as to the purchases made by him, was acting as her agent in the conduct of that business. Accordingly, the charge of the court submitting to the jury for determination the issue as to whether the husband was acting as the agent of the wife, was authorized, and the verdict of the jury, in so far as it found against the defendant on the three notes executed in 1928 for supplies and fertilizer for that year, was justified.

Although the jury, by its verdict, relieved the defendant of a portion of the amount represented by the renewal note for $548.04, and the trial judge, in denying the motion for a new trial, further reduced the recovery in this respect, we think that under the undisputed testimony that note, in its entirety, represented an as-

sumption by the wife of the husband's debts, and that no recovery against her on that note was authorized. The judgment denying the defendant's motion for a new trial is therefore affirmed, on condition that the judgment in favor of the plaintiff be reduced to conform to this opinion. In default of the plaintiff writing off so much of the recovery as is here held to be unauthorized, at the time the judgment of this court is made the judgment of the court below, the judgment of the court below denying the motion for a new trial will be reversed.

*Judgment affirmed on condition. Stephens and Bell, JJ., concur.*