JOHNSON *et al. v.* SEARS.

No. 15186.   JUNE 7, 1945.

434

R. A. *Moore,* for plaintiffs.

L. A. *Hargreaves* and J. P. *Knight,* for defendant.

WYATT, Justice. Passing over other questions raised by the general demurrer, we are of the opinion that the demurrer was properly sustained on the ground of laches. "Equity gives no re-

lief to one whose long delay renders the ascertainment of the truth difficult, though no legal limitation bars the right." Code, § 37-119. "While most frequently the bar of laches is applied in instances where the long delay has rendered the ascertainment of the truth difficult, the doctrine does not rest on that premise alone. As was well stated in *Citizens & Southern National Bank* v. *Ellis,* 171 *Ga.* 717, 719 (156 S. E. 603): 'In determining whether there has been laches, various things are to be considered, notably the duration of the delay in asserting the claim, the sufficiency of the excuse, if any, offered in extenuation thereof, whether during the delay the evidence of the matters in dispute has been lost or become obscure, whether plaintiff or defendant was in possession of the property in suit during the delay, whether the party charged with laches had an opportunity to act sooner, and whether he acted at the first opportunity; and the delay must not be such as to preclude the court from arriving at a safe conclusion as to the truth of the matters in controversy, and thus make the doing of equity either doubtful or impossible, due to loss or obscuration of evidence of the transaction in issue, or where the lapse of time has been sufficient to create or justify a presumption against the existence or validity of the plaintiff's right, or to justify a presumption that, if the plaintiff was ever possessed of a right, it had been abandoned, waived, or satisfied.'" *Bryan* v. *Willingham-Little Stone Co.,* 194 *Ga.* 563, 566 (22 S. E. 2d, 40).

The petition, construed most strongly against the plaintiffs, as should be done, shows possession of the property by the defendant for more than eighteen years. The petition does not' allege possession in the plaintiffs. It alleges that "in pursuance of the scheme and fraudulent connivance of the defendant with the said Daniel Wood, these petitioners were illegally deprived of the possession of their interest in the estate of their mother." The petition alleges the value of rentals, and prays for mesne profits. Possession is shown in the defendant. See, in this connection, *Doolittle* v. *Bagwell,* 199 *Ga.* 155 (33 S. E. 2d, 437); *Hadaway* v. *Hadaway,* 192 *Ga.* 265, 271 (14 S. E. 2d, 874). "Long acquiescence or laches by parties out of possession is productive of much hardship and injustice to others, and can not be excused but by showing some actual hindrance or impediment caused by the fraud or concealment of the party in possession." *Bryan* v. *Tate,* 138 *Ga.* 321, 323

(75 S. E. 205), and cit. The statement quoted is rather restrictive; and, though not committing ourselves to its soundness as embracing the only means of showing excuse for delay, we think it applicable in this case, for there is no showing of "actual . . hindrance or impediment caused by the fraud or concealment of the party in possession." Nor is any other excuse for delay offered. The petition does not disclose the ages of the plaintiffs. No minority is shown as an excuse for delay in bringing the action. If any excuse at all is offered, it is only that the parties at the time of the alleged fraudulent transaction were of immature years and had implicit confidence in their father. This is an insufficient excuse for eighteen years' delay in bringing their action against this defendant.

Assuming that the allegations of the petition make a case of fraud, the petitioners waited over eighteen years after the perpetration of the fraud before making an appeal to a court of equity for relief. During the whole of this period, one of the petitioners was fully aware of the circumstances surrounding the transaction. By the exercise of ordinary diligence, could not the others have apprised themselves of the fraud, if it had been committed? So far as the petition shows, they did soon afterward ascertain the nature of the transaction. Yet they unconscionably delayed action until after the death of their father, one of the alleged principal conspirators, thus probably causing an obscuration of evidence. Certainly the ascertainment of the truth is made more difficult. By amendment, the petition alleged that the fraud was not discovered until after the death of the petitioners' father. The date of his death is not shown. The date of discovery of the fraud is still indefinite. In *Waters* v. *Waters,* 124 *Ga.* 349, 353 (52 S. E. 425), this court said: "It does not appear at what time during that long period [26 years] the plaintiff discovered that she had been defrauded. Apparently nothing was done to prevent her from acquainting herself with the truth as to the legal effect of the so-called Preetorius mortgage. It was incumbent upon her, in filing her petition, to show that her cause of action was not barred. This was not done. Her pleadings must be construed most strongly against her; and therefore it will be presumed that she discovered the alleged fraud at such time in the past as that her right of action has expired by limitation." The petition in the instant case af-

firmatively showing that there has been unusual and unreasonable delay in bringing the action, it was incumbent upon the plaintiffs to show that they were not guilty of laches. This the petition fails to do. Moreover, even had the petition disclosed that the plaintiffs had no knowledge of the fraud until shortly prior to the institution of the suit, the petition fails to show that by the exercise of ordinary diligence the fraud could not have been sooner discovered. The petition shows no fraud or impediment on the part of the defendant or others which prevented earlier ascertainment of the fraudulent nature of the transaction; and the defendant is not charged with any conduct the effect of which was to debar or deter the plaintiffs from sooner bringing their action. How or when the fraud came to their knowledge is not shown. Why it did not sooner come to their knowledge is not shown. Not the slightest diligence is shown. In *Bryan* v. *Tate,* supra, this court held that the plaintiff's voluntary failure to bring suit for three years after being cognizant of the fraud committed in obtaining a deed seven years before that time is such laches as will bar the right of action. See also *Fuller* v. *Little,* 59 *Ga.* 338; *Kelly* v. *Walker,* 91 *Ga.* 199 (17 S. E. 118); *Etheredge* v. *Slayton,* 94 *Ga.* 496 (19 S. E. 818); *Griffin* v. *Stephens,* 119 *Ga.* 138 (46 S. E. 66); *McWhorter* v. *Cheney,* 121 *Ga.* 541 (49 S. E. 603); *Aken* v. *Bullard,* 134 *Ga.* 665 (68 S. E. 482). The instant case is differentiated from *Cowart* v. *Young,* 74 *Ga.* 694, the principal case relied upon by counsel for the plaintiff in error. The *Cowart* case turned on the statute of limitations and not upon the question of laches. This court has many times held that laches operates independently of the statute of limitations.

No error was committed in sustaining the general demurrer.

*Judgment affirmed. Bell, C. J., Jenkins, P. J., Duckworth and Atkinson, JJ., concur.*