COOPER *v.* AYCOCK; *et vice versa.*

Nos. 15162, 15163.   JULY 9, 1945.   REHEARING DENIED JULY 23, 1945.

*Carl F. Hutcheson* and *Robert B. Blackburn,* for plaintiff.
*Augustine Sams,* for defendant.

BELL, Chief Justice. ■ The plaintiff sought a decree of title to describe realty on the theory of implied trust, and he prayed also for an accounting for rentals. He alleged, as the basis of his suit, that in 1929 he purchased the equity of a third person in the realty in question, had the title to such equity conveyed by deed to the defendant, and entered into an oral agreement with the defendant, under which the defendant was to manage the property, collect the rentals, pay insurance premiums, taxes, interest on outstanding loans, and other overhead charges, and account to the plaintiff for the balance; that the defendant has failed to account for the rentals or surrender possession of the property, and has fraudulently sought to acquire title in his own name. The

defendant pleaded among other things estoppel by laches. The jury found for the defendant, the plaintiff's motion for a new trial as amended was overruled, and he excepted. There is a cross-bill of exceptions, complaining of rulings on the pleadings.

There were some conflicts in the testimony, but it is our opinion that the plaintiff's own testimony, considered with facts that appear without dispute, demanded the verdict for the defendant, and in this view the conflicts in the testimony are immaterial.

All actions against executors, administrators, guardians, or trustees, except on their bonds, shall be brought within 10 years after the right of action shall have accrued. Code, § 3-709. An action to impose or enforce an implied or constructive trust *as to land* must generally be brought within seven years from the time the cause of action accrues; but where the alleged trustee recognizes the trust and treats it as subsisting, suit may ·be brought at any time within seven years after notice of an adverse claim, unless from the particular circumstances the claim is barred by laches. *Grant* v. *Hart,* 192 *Ga.* 153, 164 (14 S. E. 2d, 860), and cit.; *Hadaway* v. *Hadaway,* 192 *Ga.* 265, 269 (14 S.·E. 2d, 874), ·and cit.

Whether the present case would come within either of the. foregoing periods or within any period of limitation, need not be determined, none having been pleaded; and yet both of the stated periods may be considered, in view of the plea of laches. We think that the plea was established as a matter of law by the evidence, mainly in fact by the plaintiff's own testimony. While the equitable doctrine of laches operates independently of any statute of limitations, "courts of equity usually act in obedience and in analogy to the statutes of limitations, in cases where it would not be unjust and inequitable to do so." *McDonald* v. *Sims,* 3 *Ga.* 383.

"In determining whether there has been laches, there are various things to be considered, notably the duration of the delay in asserting the claim, and the sufficiency of the excuse offered in extenuation of the delay, whether plaintiff acquiesced in the assertion or operation of the corresponding adverse claim, the character of the evidence by which plaintiff's right is sought to be established, whether during the delay the evidence of the matters in .dispute has been lost or become obscured or the conditions have so changed as to render the enforcement of the right inequitable, whether third persons have acquired intervening rights, the nature of the

right asserted and the relief asked, the nature of the duty or obligation sought to be enforced, and whether plaintiff or defendant was in possession of the property in suit during the delay. To charge a party with laches in delaying to assert a right, an opportunity to have acted sooner must have existed; if he acted at the first possible opportunity, he is not culpable. So if a party sues substantially as soon as occasion arises for an assertion of his rights, laches is not imputable to him. . . Lapse of time is an important element of laches; yet, unless a case falls within the operation of the statute of limitations, there is no fixed period within which a person must assert his claim or be barred by laches; the length of time depends on the circumstances of the particular case. Laches is not, like limitations, a mere matter of time, but [is] principally a question of the inequity of permitting the claim to be enforced, an inequity founded on some intermediate change in conditions." *Equitable Building & Loan Assn.* v. *Brady,* 171 *Ga.* 576 (2), 585 (156 S. E. 222). See also *Citizens & Southern National Bank* v. *Ellis,* 171 *Ga.* 717 (3), 733 (156 S. E. 603).

Let us now examine the plaintiff's testimony, as quoted in the preceding statement, bearing in mind the rule that "the testimony of a party who offers himself as a witness in his own behalf should be construed most strongly against him when it is self-contradictory, vague, or equivocal; and in no event should any weight be given to statements which, considered in connection with admitted facts, amount to no more than bare conclusions of the witness, unwarranted by and inconsistent with such facts." *Farmer* v. *Davenport,* 118 *Ga.* 289 (45 S. E. 244).

It appears that the defendant accounted for all rentals from the date of the original transaction until about April 1, 1932, when a loan of $2625 fell due. The plaintiff, upon being approached by the defendant, refused to renew the loan, stating that he was "not going to put any more money in the place," and "if anybody wanted to take it over," he "would loan them $150 to help them get it straightened out." From this time on, the defendant accounted for no further rentals. He renewed the loan in his own name, and the plaintiff had knowledge of this fact. While the plaintiff testified several times that he had no knowledge of the renewal of the loan until shortly before the institution of the suit, elsewhere in his testimony he admitted such knowledge. He testi-

fied: "I don't deny he renewed the loan. He told me he had renewed it, and I accepted his word that he had paid it off and got another loan. As to whether there was any secret about him paying it off and getting another loan—I don't suppose there was. I didn't know anything about it for a fact until the time Mr. Blackburn checked up. Just from an assumption, I believed that he had taken it over."

Notice sufficient to excite attention and put a party on inquiry shall be notice of everything to which it is afterwards found such inquiry might have led. Ignorance of a fact, due to negligence, shall be equivalent to knowledge, in fixing the rights of parties. Code, § 37-116. The defendant made no misrepresentation whatever as to the status of the property, and did not conceal the fact that he had, since 1932, claimed the property as his own; and while there was at one time a trust relation, the plaintiff either knew or was put on notice as far back as 1932 that such relation was no longer recognized. *Allen* v. *Allen,* 196 *Ga.* 736 (2) (27 S. E. 2d, 679). In the meantime, the changed status of the parties and of the property continued for more than eleven years without the slightest objection or complaint on the part of the plaintiff. The defendant had not only refinanced a loan in his own name, but had assumed the other responsibilities incident to ownership. As to his own attitude in the meantime, the plaintiff testified: "I never went on the property and took possession of it. I was waiting to see whether it went to sale, or if anybody taken it over, or what. As to whether I was entirely excluded from the property after 1932—I did not receive any rent after that. As to whether I have been in possession of it—not according to what you are thinking about. No, I have not undertaken to renew any loan [on] it myself. I told them I was not going to put any more in the property." In the circumstances, the verdict for the defendant was demanded on the ground of laches. See, in this connection, Code, §§ 3-712, 3-713, 37-119; *James* v. *Hill,* 140 *Ga.* 739 (79 S. E. 782); *Hollenshead* v. *Partridge,* 150 *Ga.* 521 (104 S. E. 206); *Bass* v. *Milledgeville,* 180 *Ga.* 156 (178 S. E. 529); *Bleckley* v. *Bleckley,* 189 *Ga.* 47 (12), 59 (5 S. E. 2d, 206); *Lankford* v. *Holton,* 195 *Ga.* 317 (7), 335 (24 S. E. 2d, 292).

■ It is unnecessary to pass upon the special grounds of the motion for a new trial, complaining of excerpts from the charge of

the court and of the admission and rejection of evidence, since none of the instructions or rulings thus complained of could have changed the result, in view of the plaintiff's own testimony, and facts that appear without dispute in the record. The court did not err in refusing a new trial.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. Jenkins, P. J., Duckworth, Atkinson, and Wyatt, JJ., concur.*