FLEMISTER *et al. v.* BILLUPS *et al.*

No. 15757. APRIL 16, 1947.

*James H. Dodgen* and *H. E. Edwards,* for plaintiffs.

*Ellis McClelland,* for defendants.

WYATT, Justice. 1. We think that the plaintiffs are clearly barred by laches. Our Code provides: "Equity gives no relief to one whose long delay renders the ascertainment of the truth difficult, though no legal limitation bars the right." § 37-119.

This court, in *Citizens & Southern National Bank* v. *Ellis,* 171 *Ga.* 717 (3) (156 S. E. 603), said: "In determining whether there has been laches, various things are to be considered, notably the duration of the delay in asserting the claim, the sufficiency of the excuse, if any, offered in extenuation thereof, whether during the delay the evidence of the matters in dispute has been lost or become

obscure, whether plaintiff or defendant was in possession of the property in suit during the delay, whether the party charged with laches had an opportunity to act sooner, and whether he acted at the first opportunity; and the delay must not be such as to preclude the court from arriving at a safe conclusion as to the truth of the matters in controversy, and thus make the doing of equity either doubtful or impossible, due to loss or obscuration of evidence of the transaction in issue, or where the lapse of time has been sufficient to create or justify a presumption against the existence or validity of the plaintiff's right, or to justify a presumption that, if the plaintiff was ever possessed of a right, it had been abandoned, waived, or satisfied."

It would appear that practically all the rules announced in the preceding quotation are applicable to the facts alleged in the instant case. The plaintiffs have sat idly by since 1925 as to part of the property, since 1927 as to another parcel, and since 1928 as to another, and have done exactly nothing to assert their rights, if any they have. During all this time the property was in the possession of the deceased, Allen Billups. On acquiring the property, he promptly placed the deeds on record, and has ever since treated the property as his own. The petition fails to allege any facts even tending to show that he did anything to indicate that he was holding the property for the use or benefit of the plaintiffs. No facts are alleged which could possibly rise to the dignity of a reason or excuse for the plaintiffs' long delay in bringing suit. Not until the lips of both the father and the son, who are alleged to have made the agreement which forms the basis of the claim, have been sealed by death was any move made by the plaintiffs. In these circumstances, appearing from the petition, we think it clear that the action is barred by laches. See *Cooper* v. *Aycock,* 199 *Ga.* 658 (34 S. E. 2d, 895), and *Johnson* v. *Sears,* 199 *Ga.* 432 (34 S. E. 2d, 541).

2. Since we have ruled that the action is barred by laches, no ruling will be made as to the statute of limitations.

There was no error in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. All the Justices concur.*