WHITFIELD *et al. v.* WHITFIELD; *et vice versa.*

. Nos. 16268, 16285.   July 15, 1948.

*Claud F. Brackett* and *R. B. Pullen,* for plaintiffs in error. *Lipshutz & Macey,* contra.

HEAD, Justice. ■ This is an action in equity to cancel and set aside a deed. The first question for determination is raised by the exception to the overruling of general demurrers to the petition. Apparently the plaintiff rests his case on alleged misrepresentation, and suppression of material facts by his brother. "Misrepresentation of a material fact, made wilfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently, and acted on by the opposite party, constitutes legal fraud." Code, § 37-703. "Suppression of a fact material to be known, and which the party is under an obligation to communicate, constitutes fraud. The obligation to communicate may arise from the confidential relations of the parties or from the particular circumstances of the case." Code, § 37-704.

A demurrer admits facts properly pleaded but it does not admit a fraud charged, except as the facts alleged may establish or constitute fraud. *Miller* v. *Butler,* 121 *Ga.* 758 (3) (49 S. E. 754); *Tolbert* v. *Caledonian Ins. Co.,* 101 *Ga.* 746 (28 S. E. 991). A general allegation of fraud amounts to nothing. The complainant must show wherein the fraud exists and issuable facts must be charged. *Anderson* v. *Goodwin,* 125 *Ga.* 669 (54 S. E. 679); *Hickman* v. *Cornwell,* 145 *Ga.* 372 (89 S. E. 330); *Lathrop* v. *Miller,* 164 *Ga.* 170 (138 S. E. 50). Allegations of a pleading are to be construed most strongly against the pleader, and the demurrer admits only facts, not legal conclusions of the pleader. *Lee* v. *Atlanta,* 197 *Ga.* 520 (29 S. E. 2d, 774).

In this case it is alleged: The petitioner is almost illiterate, he can not read, and can only scrawl his name. He is incapable of engaging in any but the simplest business transactions. His brother acted as his agent in the preservation of their common property, and the petitioner reposed special trust and confidence in his brother. The petitioner never intended to sign any deed conveying his interest in described property to his brother. In signing the deed he acted under a misapprehension as to its effect, induced by and in reliance upon the fraudulent representations made by his brother that the signing of the deed by the petitioner was necessary to conserve and maintain the property. At no time did his brother advise the petitioner that he was conveying his interest to his brother. Had the petitioner been aware of the true contents of the deed, he would not have signed it. The consideration recited in the deed was not paid. There was great disparity of mental ability between the petitioner and his brother, and his brother exercised undue influence over the petitioner in obtaining his signature on the deed. He has never received any rents, benefits, or profits from the property.

It is unnecessary that the vague and indefinite allegations made be stripped of conclusions of the pleader in order to arrive at the weakness of the petitioner's case. If the allegation that the petitioner never intended to sign any deed conveying his interest to his brother should be construed as stating that the petitioner did not know that he was signing a deed, we are then met with his allegation that, in signing the deed, he acted under a misapprehension as to its effect. Whether the petitioner did not know that the document was a deed, or knowing it to be a deed, he "acted under a misapprehension as to its effect," can not be positively stated from the allegations of the petition. It is perfectly clear, however, that he relies on general allegations of ignorance, since he alleges that his brother never told him that he was conveying his interest to his brother.

The law, however, requires something more than just ignorance, or even misplaced confidence, to cancel and set aside contracts apparently valid on their face. This court has repeatedly held that he who can read, must read. See *Weaver* v. *Roberson*, 134 *Ga.* 149 (67 S. E. 662); *Green* v. *Johnson*, 153 *Ga.* 738 (3) (113 S. E. 402); *Bentley* v. *Barlow*, 178 *Ga.* 618 (2) (173 S. E.

707), and cases cited. In this case it is alleged that the petitioner can not read. He is not, however, relieved of the rule that, "Ignorance of a fact, due to negligence, shall be equivalent to knowledge, in fixing the rights of the parties" (Code, § 37-116); and the further rule that, "If a party, by reasonable diligence, could have had knowledge of the truth, equity shall not relieve." (Code, § 37-211.) The copy of the deed attached as an exhibit shows the signatures of three witnesses. There is no allegation that the petitioner asked any of these witnesses to tell him the nature of the contract he was signing, nor is there any allegation that he was incapable of understanding the language of a deed. Absolutely no effort is alleged or shown on the part of the petitioner to know or understand the nature of the contract he was signing, if he in fact did not know. It seems that he might have asked his own brother to have been clearer and more specific as to the nature of the paper he was signing. That execution of a document is necessary to "conserve and maintain" property, conveys but meager information at best. A simple question, simply stated, could have procured full information, in so far as any allegation appears from the petition in this case. Certainly this is true as to the witnesses of the deed, and nothing is alleged that shows that full information could not have been obtained from the brother. Under all the allegations of the petition in this case, the alleged ignorance is due to a total lack of any reasonable diligence, and equity will not relieve. *Keith* v. *Brewster*, 114 *Ga.* 176 (39 S. E. 850); *King & Hamilton* v. *Mobley*, 150 *Ga.* 257 (103 S. E. 237).

There is another and still stronger reason why the petitioner can not prevail in this case. The deed sought to be canceled is dated August 18, 1942, and was recorded September 11, 1942. It is alleged that the grantee in the deed died in July, 1946, and that in January, 1947, "petitioner discovered that a warranty deed purporting to convey all of his interest" in the property was recorded in the deed records of Fulton County. No explanation is made or attempted to be made by any allegation of the petition as to why the deed could not have been discovered before the death of the grantee therein. "Equity gives no relief to one whose long delay renders the ascertainment of the truth difficult, though no legal limitation bars the right." Code,

§ 37-119. Death of essential witnesses, which may preclude the court from arriving at a safe conclusion as to the truth of matters in controversy, and which makes the doing of equity doubtful or impossible, will bar the action. *Citizens & Southern National Bank* v. *Ellis*, 171 *Ga.* 717 (156 S. E. 603); *Stephens* v. *Walker*, 193 *Ga.* 331 (18 S. E. 2d, 537). There is no fixed time in which a person shall assert his claim or be barred by laches. Laches is not a matter of time but a question of inequity founded on a change in conditions. *Cooper* v. *Aycock*, 199 *Ga.* 667 (34 S. E. 2d, 895). In the absence of appropriate allegations showing why the deed was not, and could not have been discovered sooner by a reasonable degree of diligence, coupled with the fact that the action is brought at such time as makes the doing of equity doubtful, the petitioner failed to allege a cause of action good against the demurrers. In this view of the case no ruling is made or required on the sustaining of certain special demurrers complained of in the cross bill of exceptions.

*Judgment reversed on the main bill. Cross-bill of exceptions dismissed.*

*Jenkins, Chief Justice, Duckworth, Presiding Justice,* and *Candler, Justice concur. Judge Graham concurs specially. Atkinson and Wyatt, Justices, dissent.*