CANNON *et al* v. FULTON NATIONAL BANK *et al,* executors.

No. 16953. FEBRUARY 13, 1950. REHEARING DENIED MARCH 15, 1950.

*Dotson & Dotson* and *Wheeler, Robinson & Thurmond,* for plaintiffs.

*Russell M. Striplin* and *Crenshaw, Hansell, Ware & Brandon,* for defendants.

WYATT, Justice. 1. "The limitations herein provided shall apply equally to all courts; and in addition to the above, courts of equity may interpose an equitable bar, whenever, from the lapse of time and laches of the complainant, it would be inquitable to allow a party to enforce his legal rights." Code,

§ 3-712. "Equity gives no relief to one whose long delay renders the ascertainment of the truth difficult, though no legal limitation bars the right." § 37-119. "Equity will not aid in the enforcement of stale demands. . . There is no principle of equity sounder, more conservative and more prolific, in all the fruits of peace, than this: that he who slumbers over his rights, with no impediment to his asserting them, until the evidence upon which a counter claim is founded, may from lapse of time, be presumed to be lost; until the generation cognizant of the transactions between the parties, has passed away, and until original actors are in their graves, and their affairs are left to representatives—the Law, in the exercise of an equitable sovereignty, *presumes it to be unjust,* that under such circumstances, a complainant should be heard; and in nine cases out of ten, it is unjust in fact, as well as in theory. . . the principle upon which Courts of Equity proceed in such cases, is, that the *lateness of the demand, arising from lapse of time, is presumptive evidence against its justice.* . . The rule in equity applies to accounts. That Courts will not permit them to be overhauled in favor of a party who has slept upon his rights, without any just cause, for a number of years." *Akins* v. *Hill,* 7 *Ga.* 573. See also *Citizens & Southern National Bank* v. *Ellis,* 171 *Ga.* 717 (156 S. E. 603), *Cooper* v. *Aycock,* 199 *Ga.* 658 (34 S. E. 2d, 895), *Johnson* v. *Sears,* 199 *Ga.* 432 (34 S. E. 2d, 571), *Flemister* v. *Billups,* 202 *Ga.* 132 (42 S. E. 2d, 376), and cases cited in these opinions.

In the instant case, H. R. Cannon died in August of 1936. On January 4, 1937, which time had to be shortly after he qualified as executor of H. R. Cannon, Cecil R. Cannon filed his petition in the ordinary's court, setting forth the fact that he had discovered that the note in question had not been destroyed, as he understood it had been before the death of H. R. Cannon, and that he had paid the note, and he prayed that he be relieved of liability on the note, and that he be discharged as executor. It is a fair presumption that he filed his petition to be discharged as executor for the reason that he had discovered this adverse interest, since it does not appear that his coexecutrix was also discharged. Certain it is, from the allegations of the petition, that the plaintiffs in error had notice of the petition filed in the ordinary's court and its contents. This put them on notice of

the contention of Cecil R. Cannon that the note had been paid. We do not hesitate to say that thereafter they dealt with him at arms length.

After obtaining the information on January 4, 1937, the plaintiff in error did exactly nothing until this suit was filed on December 28, 1948. In the meantime, death had sealed the lips of Cecil R. Cannon and his coexecutrix, Martha E. Cannon. It does seem that the slightest diligence would have required these plaintiffs in error to have made some move or effort to enforce their claim during this period of more than 11 years. The allegations to the effect that the plaintiffs in error did not know the facts alleged in the petition until after the death of Cecil R. Cannon can be based upon nothing except their own negligence, which equity, very wisely, will not reward. Conceding that the plaintiffs in error in this case had a right to bring this petition in their individual names, which question we do not pass upon, under the rules of law enunciated in the authorities above cited, it would be hard to conceive of a state of facts falling more squarely under the rule as to laches than the state of facts alleged in the petition in this case.

2. Since we have ruled that the action is barred by laches, no ruling will be made as to the statute of limitations.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., who dissents.*