19412.   ROWLAND *et al. v.* RICH'S, INC.

Argued July 9, 1956—Decided September 7, 1956—Rehearing denied October 11, 1956.

*James R. Venable, Margaret Hopkins*, for plaintiff in error.

*W. Neal Baird, Hurt, Gaines & Baird*, contra.

HEAD, Justice. "It is well settled that a general allegation of fraud, in a bill, amounts to nothing—it is necessary that the complainant show, by specifications, wherein the fraud consists. Issuable facts must be charged. The demurrer confesses only what is well pleaded." *Carter* v. *Anderson*, 4 *Ga.* 516, 519; *Tolbert* v. *Caledonian Ins. Co.*, 101 *Ga.* 741, 746 (28 S. E. 991); *Miller* v. *Butler*, 121 *Ga.* 758 (3) (49 S. E. 754); *Anderson* v. *Goodwin*, 125 *Ga.* 663, 669 (54 S. E. 679); *Jones* v. *Robinson*, 172 *Ga.* 746, 747 (3c) (158 S. E. 752); *Robertson* v. *Panlos*, 208 *Ga.* 116, 118 (65 S. E. 2d 400).

In the present case no fraudulent acts or conduct of the defendant are alleged in procuring the execution of the note. The sole allegation of the petition relied upon by the petitioners as to fraud and deceit is that, after the levy was made, the defendant, acting by its attorneys, represented to Mrs. Rowland "that the only method by which she could obtain possession of her said automobile was to make a payment on her said husband's account, and to assume the obligation for the balance due by signing a note thereon, and by securing a co-signer acceptable to said attorneys." Construing this allegation most strongly against the pleader on general demurrer, as the rule requires, this allegation amounts to nothing more than that the attorneys for the defendant were contending that the automobile was subject to the levy made.

Mrs. Rowland, as owner of the property levied upon, had a full, complete, and adequate remedy at law by claim (Code Ch. 39-8), and her failure to avail herself of her legal remedy can not be excused by the allegation that "she did not know anything about the law, or what steps could be taken, and knowing that said attorneys, acting as agents for said defendant, were lawyers, she relied upon their statement." Under the allegations of the petition, she made no inquiry of the officer who made the levy, or of anyone else, as to her rights in the premises. Her failure to take any action to ascertain the truth as to the remedy available at law affords no basis for an equitable action for damages. The allegations of the petition set forth no grounds for equitable relief as to the action pending in the civil court against the petitioner Cates. *Swofford* v. *Glaze*, 207 *Ga.* 532, 535 (63 S. E. 2d 342). The trial judge properly sustained the general demurrer.

Under the allegations of the petition, the question as to whether or not the wife could assume the debt of the husband is not involved; but, in this connection, see Code § 53-503; *Sapp* v. *Ragan*, 44 *Ga. App.* 688 (162 S. E. 655) ; *Morris* v. *International Agricultural Corp.*, 53 *Ga. App.* 517, 518 (186 S. E. 583).

*Judgment affirmed. All the Justices concur.*