20517.   WELCH *v.* WELCH, Executrix, *et al.*

ARGUED JUNE 8, 1959—DECIDED JULY 8, 1959.

*A. W. Van Dyke, Louis Geffen,* for plaintiff in error.
*Herman J. Spence, John S. Wood,* contra.

MOBLEY, Justice. 1. The petition is barred by laches of the plaintiff; and the trial court, for that reason, properly sustained the general demurrer and dismissed the petition. ". . . Courts of equity may interpose an equitable bar, whenever, from the lapse of time and laches of the complainant, it would be inequitable to allow a party to enforce his legal rights." Code § 3-712. "Equity gives no relief to one whose long delay renders the ascertainment of the truth difficult, though no legal limitation bars the right." Code § 37-119. " 'Equity will not aid in the enforcement of stale demands . . . There is no principle of equity sounder, more conservative and more prolific, in all the fruits of peace, than this: that he who slumbers over his rights, with no impediment to his asserting them, until the evidence upon which a counter claim is founded, may from lapse of time, be presumed to be lost; until the generation cognizant of the transactions between the parties, has passed away, and until original actors are in their graves, and their affairs are left to representatives—the Law, in the exercise of an equitable sovereignty, *presumes it to be unjust*, that under such circumstances, a complainant should be heard; and in nine cases out of ten, it is unjust in fact, as well as in theory . . . the principle upon which courts of equity proceed in such cases, is, that the *lateness of the demand, arising from lapse of time, is presumptive evidence against its justice* . . . The rule in equity applies to accounts. That courts will not permit them to be overhauled in favor of a party who has slept upon his rights, without any just cause, for a number of years.' *Akins* v. *Hill,* 7 *Ga.* 573. See also *Citizens & Southern National Bank* v. *Ellis,* 171 *Ga.* 717 (156 S. E. 603) ; *Cooper* v. *Aycock,* 199 *Ga.* 658 (34 S. E. 2d 895) ; *Johnson* v. *Sears,* 199 *Ga.* 432 (34 S. E. 2d 571) ; *Flemister* v. *Billups,* 202 *Ga.* 132 (42 S. E. 2d 376) . . ." *Cannon* v. *Fulton Nat. Bank,* 206 *Ga.* 609, 612 (57 S. E. 2d 917). See also *Whitfield* v. *Whitfield,* 204 *Ga.* 64 (2) (48 S. E. 2d 852).

The plaintiff's father, William C. Welch, died in November, 1904, after the death of his father, Western R. Welch, Sr., on June 19, 1904. The plaintiff was, at the time of the death of his grandfather, about a year old and was 55 years of age at the time he brought this petition. His petition was brought

more than 50 years after his cause of action as to his father's share in the estate of Western R. Welch, Sr., if he had any, arose, and approximately 35 years after he became of age.

The plaintiff's uncle, Western R. Welch, Jr., died in 1914, approximately 44 years before the plaintiff brought this petition, seeking an accounting and a share of his estate in the estate of Western R. Welch, Sr.; and his uncle, Julius C. Welch, out of whose estate he is also seeking an accounting and a share, died in 1916, approximately 42 years before the filing of this petition. Only Maggie Welch Brown, of the sons and daughters surviving Western R. Welch, Sr., at his death in 1904, was in life at the time this action was brought.

The judgment of Gilmer Superior Court, based upon an agreement among Maggie Welch Brown, R. C. Welch, executor of the estate of Western R. Welch, Sr., and Mrs. R. C. Welch, providing for the sale of all the remaining assets of the estate of Western R. Welch, Sr., and, after payment of all debts of the estate, division among Maggie Welch Brown, R. C. Welch, and Mrs. R. C. Welch, the sale of which was advertised in the official newspaper of Gilmer County and the deed made pursuant thereto and recorded on May 4, 1943, put the plaintiff on notice that the estate was being distributed, and that he was to receive no part of it. R. C. Welch, the executor of the estate of Western R. Welch, Sr., lived until August 20, 1953, more than ten years after the execution and recording of the deed of distribution, during all of which time the petitioner took no action to recover any part of the estate which might be due him. His petition alleges that he, on numerous occasions, asked R. C. Welch for an accounting and settlement of his part of the estate, and was told that he had no interest whatever therein. Yet, he waited to bring this petition until November 7, 1958, more than fifteen years after he was put on notice that the estate was being distributed, and more than five years after the death of R. C. Welch, the executor, who had been in charge of the estate since 1904, who, under the terms of the will, was not required to account to anyone until final settlement, and who alone was charged with the administration of his father's estate and was the one person in position to know all the facts in connection

with the administration of the estate, what disposition had been made of the property, what settlements, if any, had been made with legatees under the will, and other relevant facts.

As stated in *Citizens & So. Nat. Bank* v. *Ellis,* 171 *Ga.* 717, .733 (156 S. E. 603), "In determining whether there has been laches, various things are to be considered, notably the duration of the delay in asserting the claim, and the sufficiency of the excuse offered in extenuation thereof, whether during the delay the evidence of the matters in dispute has been lost or become obscure, whether plaintiff or defendant was in possession of the property in suit during the delay, whether the party charged with laches had an opportunity to have acted sooner, and whether the party charged with laches acted at the first possible opportunity. To constitute the defense of laches the delay must have been such as practically to preclude the court from arriving at a safe conclusion as to the truth of the matters in controversy, and thus make the doing of equity either doubtful or impossible, due to loss or obscuration of evidence of the transaction in issue, or where the lapse of time has been sufficient to create or justify a presumption against the existence or validity of the plaintiff's right, or to justify a presumption that, if the plaintiff was ever possessed of a right, it has been abandoned or waived, or has been satisfied. *Equitable Building & Loan Assn.* v. *Brady,* 171 *Ga.* 576 (156 S. E. 222)."

In applying the facts in this case to the "various things," above enumerated, to be considered in determining whether there has been laches, the only conclusion possible is that the plaintiff by reason of his laches is barred from maintaining this action at this late date. See *Johnson* v. *Sears,* 199 *Ga.* 432, *Whitfield* v. *Whitfield,* 204 *Ga.* 64, and *Cannon* v. *Fulton Nat. Bank,* 206 *Ga.* 609, supra.

There is no merit in the plaintiff's contention that fraud of R. C. Welch and the defendant prevents the application of laches against him. "". . . A general allegation of fraud . . . amounts to nothing—it is necessary that the complainant show, by specifications, wherein the fraud consists. Issuable facts must be charged.'" *Rowland* v. *Rich's, Inc.,* 212 *Ga.* 640, 641 (94 S. E. 2d 688), quoting from *Carter* v. *Anderson,* 4 *Ga.* 516, 519. His

allegations of fraud were, in substance, that R. C. Welch and the defendant had fraudulently failed to account to him for his share in the estates. Yet, he alleges that for years he had sought his share of the estates, and that R. C. Welch told the plaintiff that he had no interest whatever therein. This put him on notice that the executor did not consider that under the will he was entitled to share in the estates. Yet, he stood by until R. C. Welch's lips were sealed by death on August 20, 1953, and then for more than five years thereafter, before bringing this action. Furthermore, he had been in position for more than 30 years to sue for his share in the estates before ever doing so.

2. In view of the foregoing ruling, it is unnecessary to pass upon other questions, including the statute of limitations, raised by the demurrers.

*Judgment affirmed. All the Justices concur.*