Vanzant *et al. vs.* Bigham *et al.*

1. Where a testator directed that all of his estate be kept togetner for the support of his wife and for the support, education and maintenance of his children; that it be managed in such way as would be most conducive to their several interests; that his wife should hold the property in possession until his youngest child should reach the age of twenty-one, and that after that time, the property should be equally divided between his wife and children, and the wife was appointed executrix, trustee and testamentary guardian for the children; if the wife qualified as executrix, and proceeded to carry out the will by taking charge of the property, and used it for her own benefit, and afterward conveyed the land for her own benefit, this was sufficient to authorize the jury to presume her assent to the legacy.

2. Under such a will, the children of the testator could not sue for the land until the youngest child became of age; after that, the testatrix was not their trustee; and if the action was not barred between the time the youngest child became of age and the bringing of the suit, the plaintiffs could recover.

April 27, 1886.

Wills. Estates. Infancy. Legacies. Presumptions. Before Judge Harris. Douglas Superior Court. July Term, 1885.

Reported in the decision.

Smith & Roberts; George N. Lester, for plaintiffs in error.

Thomas W. Latham; P. H. Brewster, for defendants.

Blandford, Justice.

The defendants in error brought their action against the plaintiffs in error to recover certain tracts of land. The jury found in favor of defendants in error; whereupon the plaintiffs in error moved the court for a new trial, on several grounds, which motion the court refused, and the defendants excepted, and assign as error the several grounds taken in the motion.     .

1. The plaintiffs in ejectment showed that Wiley Roberts was possessed of the land sued for in his life-time, and died so thereof possessed, and that the plaintiffs were his children; that the youngest child became of age in 1881.* The plaintiffs introduced and read in evidence the will of Wiley Roberts, the 2nd item of which directed that all of the estate of testator be kept together for the support of his wife, Sarah Ann Roberts, and for the support, education and maintenance of his children, and that the same be managed in such way as would be most conducive to their several interests, and that his wife shall hold the same in possession until his youngest child shall reach the age of twenty-one years, and after that time, the property be equally divided between his wife and children. The will appoints the wife executrix and trustee and testamentary guardian for his children. The executrix qualified and proceeded to carry out the will by taking charge of

*Suit was brought in 1834.

the property, until the 23d day of February, 1866, when she, by ordinary warranty deed,. conveyed the land to Allen Blair, one of the witnesses to the will. Blair, on the 31st day of January, 1867, sold the land, and by proper deed conveyed it to William MaGovirk, he having had notice of the will before his purchase from Blair. On the 5th day of March, 1877, MaGovirk sold and conveyed the land to Young Vanzant, who had no notice of the will when he purchased. Vanzant kept possession of the land for two years, and re-sold the same to MaGovirk, and gave him a bond for titles. MaGovirk kept the land for one year, and surrendered possession to Vanzant, which was in 1880 or 1881. Under these facts, the court instructed the jury that, if Mrs. Robinson took charge of the property and used the same for her own benefit, then they might presume that she assented to the legacy to her children; and if she had sold and conveyed the land for her own benefit, this would also authorize them to presume her assent to the legacy.

These instructions to the jury are the main errors complained of.

We see no error in these instructions to the jury. " The assent of the executor may be presumed from his conduct, as well as his expressed ,consent" (Code, §2452), and we think that the conduct of the executix in this case is equivalent to her expressed consent.

2. The next complaint is that the court held that the defendants in error, being the children of Wiley Roberts, the testator, could not sue for the land until the youngest child became of age, and that Mrs. Roberts was not their trustee after the youngest child became of age, and if the action was not barred between the time the youngest child became of age and the bringing of this action, then the plaintiffs could recover. This charge seems to us to be sound law. The action of ejectment is brought to recover the possession of land. The right to possess the land sued for must be in the plaintiffs when the action is commenced.

By the terms of Roberts's will, Mrs. Roberts, the executrix, was to have the control and possession of this land; there was no such right in testator's children; only after the youngest child became of age did Mrs. Roberts's right of possession cease and the right of possession become vested in Roberts's children; then, and not till then, had any right of action accrued to them.

Judgment affirmed.