### BOLTON v. HANESLEY *et al.,* executors.

BECK, P. J. J. F. Bolton died testate. In one item of his will he gave to his wife the sum of one thousand dollars in cash; and in another item gave to her the income or interest from the sum of four thousand dollars for and during her natural life, unless in the meantime she should remarry, and in the event of her remarriage or when she died the said sum of four thousand dollars was to revert to his estate. Hanesley and Chambliss were named as executors. The widow accepted the one thousand dollars, and notified the executors that she elected to take a child's part. The executors filed a petition asking direction of the court. The widow filed an answer and a cross-petition, she admitting that she had received the one thousand dollars, and setting up that she had a right to elect to take a child's part in the estate. *Held,* that the court on demurrer properly struck the cross-petition. Under the provisions of the will the widow could not avail herself of an election to take a child's part. There were two children, and by electing to take a child's part she could not take more than a child could take under the same circumstances and under the provisions of the will. If the same provisions which had been made for the widow had been made for the child, that child could not take the one thousand dollars and take also a child's proportion of the estate. This ruling in no way conflicts with decisions holding that a widow may take a legacy given in a will where

it is not expressly given in lieu of dower, and also insist upon her dower rights. *Falligant* v. *Barrow,* 133 *Ga.* 87 (65 S. E. 149).

                  *Judgment affirmed. All the Justices concur.*

               No. 421.   DECEMBER 13, 1917.

Equitable petition.   Before Judge Graham.   Sumter superior court.   June 1, 1917.

*E. A. Hawkins,* for plaintiff in error.

*J. A. Hixon* and *R. L. Maynard,* contra.

