### HOOD *v.* HOOD *et al.*

No. 7062. NOVEMBER 13, 1929.

*Pemberton Cooley* and *G. P. Martin,* for plaintiff in error.
*E. C. Stark,* contra.

HILL, J.   The substance of the petition in this case is set out in the foregoing statement.   The petition is very adroitly drawn. It does not allege the date on which Z. W. Hood, the testator, died, nor when Mrs. Martha J. Hood went into possession of her life-estate in the land; and on the meager allegations in the petition they were sufficient to withstand the demurrer filed against it. But under the petition, the answer, and the evidence, we are of the opinion that the court erred in directing a verdict for the plaintiffs in ejectment.   The evidence shows that Z. W. Hood, the testator, died in 1916, and that his widow, who was living with him at the time of his death, continued to reside on the land, after the probate of the will, for a period of about ten years and until after the death of the other life-tenant, Dr. Willis J. Hood, in 1926, and that she was in possession and living on "the home place" until just before the present suit was brought, when she left voluntarily to reside with her daughter.   In these circumstances it will be presumed that the executors assented to the legacy devised in item 2 of the will to the testator's widow, after she has been in possession thereof ten years or more.   It has been held by this court that when at the death of the testator a legatee for life is in possession of the property devised, and the executor allows the life-tenant to retain the possession, this is an assent to the legacy, both as to the tenant for life and the remaindermen.   5 Enc. Dig. 743; *Parker* v. *Chambers,* 24 *Ga.* 518 (6) ; *Jordan* v. *Thornton,* 7 *Ga.* 517 (2) ; *Thaggard* v. *Crawford,* 112 *Ga.* 326 (37 S. E. 367).   The Civil Code (1910), § 3657, provides that realty descends directly to the heirs, subject to be administered by the legal representative, if there be one, for the payment of debts and the purposes of distribution.   At common law on the death of the owner realty became vested in his heirs or devisees, and the executor or administrator as such had no inherent power over it.   Schouler on Wills &c., § 212.   But by statute of this State realty descends directly to the heirs, subject to be administered by the legal representative, if there be one, as stated above.   This suit was brought by the execu-

tors to recover the land in controversy about ten or twelve years after the death of the testator, and after the probate of the will, and after an assent to the legacy to the widow of testator is presumed. Plaintiff in ejectment must show a right to recover. But what right have the executors in the present suit to recover? They do not sue for the purpose of administration; that is, for the purpose of paying the debts of the testator, or for division; and, as already held, an assent to the legacy in the circumstances stated will be presumed. The testator devised to his widow a life-estate only in the land. She was in possession of the land, and had been for approximately ten years; and the assent of the executors thereto being presumed, they had no authority over the land, and certainly not over the rents from the land during the life of the life-tenant; and the evidence discloses that she was in life when this suit was brought. So, in the view we take of this case, the executors had no right, under the will or otherwise, to bring an action of ejectment against the defendant for the possession of the land, or for the rents therefrom during the lifetime of the life-tenant. If one was trespassing or depriving the life-tenant of her possession and rents, that was a matter between the life-tenant and the trespasser. After the assent to the legacy the authority of the executors was at an end. No one had a right to bring suit for the possession of the land, and for the rents and profits thereof, except the life-tenant or some one for her; and this she did not do. Therefore we hold, that, inasmuch as the life-tenant was in life when this suit was brought, the court erred in directing a verdict for the plaintiffs, and in overruling the motion for new trial.

*Judgment reversed. All the Justices concur, except Gilbert, J., who dissents.*