JACKSON, executrix, *et al.* *v.* BROWN.

No. 16192. MAY 13, 1948.

*M. C. Tarver,* for plaintiffs in error.
*Pittman & Hodge,* contra.

WYATT, Justice. ■ The controlling questions made by the record may be determined by answering the following question: Was Mrs. Ruth V. Jackson, at the time of her death, the owner in fee of a one-third undivided interest in the property which was owned by Edgar Jackson at the time of his death, either under the terms of the will of Edgar Jackson or under any election that the widow may have made or attempted to make to take a child's part of the estate?

An answer to this question depends upon a construction of the will of Edgar Jackson. While this will was crudely drawn, we think, looking to the will as a whole, that the intention of the testator is clear. It is a cardinal rule of construction that the intention of the testator is to be derived from a consideration of the will as a whole, and is not to be determined by arbitrary conjecture as to what is meant nor by a consideration of detached portions of the will. Consideration and force should be given to all parts of the will, if possible, without allowing one clause to destroy another.

The will of Edgar Jackson attempted to dispose of his entire estate, providing: (1) "that all my estate be held together during the life or widowhood of my wife;" (2) that "Mrs. Grace Gay and Blanche Jackson and my wife have charge of the estate, and by mutual agreement use it for their support;" and (3) that "should any of them, my children, marry, they shall relinquish all claims to said property during the life of my wife."

We think it clear that the testamentary scheme envisaged the holding together of all property during the lifetime of the widow,

for the support and maintenance of the widow and the children, so long as they did not remarry, with the remainder interest going to the children at the death of the widow. The will gives no power of disposal, and no power of disposal will be implied. It is quite clear that the testator intended that the entire estate be "held together" until the widow died or remarried, and it is equally clear that, upon the death of the widow, the testator intended that the entire estate should go to his children, share and share alike, without regard to any previous marriage. It is palpable that the testator intended that all interest of the wife should terminate upon death or remarriage, while the interest of a child, upon marriage, should terminate only insofar as the enjoyment of the property was concerned, and this only during the life of the wife. This is evidenced by the fact that, although the testator specifically provided that the marriage of a child should defeat such child's present enjoyment of the property, the interest of the child was affected only "during the life" of the wife.

We construe the will to create an estate for life or widowhood, with vested remainders in the two children. Generally adjudicated cases are of little assistance in construing wills, since each will is a thing unto itself, but we think that the reasoning of the court, and the construction placed upon the wills, in the cases of *Glore* v. *Scroggins*, 124 *Ga.* 922 (53 S. E. 690), and *Rakestraw* v. *Rakestraw*, 70 *Ga.* 806, sustains our view in the present case. Nothing said in *Grote* v. *Pace*, 71 *Ga.* 231, changes our view as to the intention of the testator in the instant case. While in the *Grote* case there was a will containing provisions somewhat similar to those contained in the will here involved, nevertheless in the *Grote* case the language used indicated a manifest intent that the wife and children should have equal shares in the property. There the will provided that, in the event of the wife's remarriage, she should have one equal share of the property, sharing equally with the children. There is no indication in the instant case that the testator intended that the wife should share in the property other than by its use and enjoyment during her life or widowhood.

■ It is contended by the plaintiff in error that the wife of

the testator elected to take a child's part of the estate of her husband; and error is assigned on the rulings of the court excluding certain evidence offered for the purpose of showing such an election on her part. The trial court did not err in excluding this testimony. Edgar Jackson having died testate, leaving a will devising an estate for life or widowhood with vested remainders, the widow of the testator could not defeat the intention of the testator by electing to take a child's part of the estate. No such right of election exists except in a case of intestacy. See *Falligant* v. *Barrow*, 133 *Ga.* 87 (65 S. E. 149); *Bolton* v. *Hanesley*, 147 *Ga.* 449 (94 S. E. 553).

■ "The assent of the executor to a devise of land may be either express or implied, and may be presumed from the conduct of the executor. Where the devisees and executors are the same persons, and the devisees dispose of the land in their individual capacity, the assent of the executors to the legacy will be presumed. The assent given to a devise of land to a tenant for life or widowhood will inure to the benefit of remaindermen in fee." *Citizens Bank of Vidalia* v. *Citizens & Southern Bank*, 160 *Ga.* 109 (127 S. E. 219). In *Hood* v. *Hood*, 169 *Ga.* 378, 381 (150 S. E. 552), this court, in determining whether an executor had assented to a legacy, said: "The evidence shows that Z. W. Hood, the testator, died in 1916, and that his widow, who was living with him at the time of his death, continued to reside on the land, after the probate of the will, for a period of about ten years and until after the death of the other life-tenant, Dr. Willis J. Hood, in 1926, and that she was in possession and living on 'the home place' until just before the present suit was brought, when she left voluntarily to reside with her daughter. In these circumstances it will be presumed that the executors assented to the legacy devised in item 2 of the will to the testator's widow, after she had been in possession thereof ten years or more." See also *Shipp* v. *Gibbs & Spence*, 88 *Ga.* 184 (14 S. E. 196); *Vanzant* v. *Bigham*, 76 *Ga.* 759 (1). In the instant case, the testator died in 1938. His wife and the defendant in the court below, who were devisees under the will and who shortly after the testator's death qualified as executrices, thereafter remained in possession of the home place up to the death of the widow, nearly

ten years after the testator's death. The widow collected all rentals and income on property of the estate, using it in the support and maintenance of herself and the defendant. The plaintiff, on remarriage, voluntarily moved from the property which she had been occupying, and thereafter all rentals from this property went to the widow and the defendant. On the death of the widow, the defendant continued to remain in possession of the home place. Certainly, in these circumstances, the assent of the executrices to the devise in the will may be presumed. An assent once given can not be recalled or revoked. Upon the termination of the life estate, the remaindermen were entitled to possession of the property to the exclusion of the executrix; and the trial court did not err in finding that all debts of the estate had been paid and that the executrix of the will of Edgar Jackson was not a necessary party to the partition proceedings.

*Judgment affirmed. All the Justices concur.*