ARGUED OCTOBER 14, 1969—DECIDED NOVEMBER 6, 1969— REHEARING DENIED DECEMBER 4, 1969.

25467.   COOK, Executor, et al. v. COOK.

780

*Wyatt & Wyatt, L. M. Wyatt, John M. Wyatt,* for appellants. *Millard C. Farmer, Jr.,* for appellee.

Nichols, Justice. Albert W. Cook, a devisee under the will of Mrs. Lois F. Cook, filed the present action against Robert S. Cook, Jr., individually and as executor of the will of Mrs. Lois F. Cook, and against Thomas Hull Cook. The petition is in four counts seeking to set aside deeds, to secure an accounting and to remove Robert S. Cook, Jr. as executor. The defendants filed motions to dismiss which were overruled and it is to such judgment that the present appeal was filed. The trial court certified such judgment for immediate review.

■ The Georgia Civil Practice Act (Ga. L. 1966, p. 609; *Code Ann.* § 81A-111) provides in part: "Except where otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit." Section 40 (h) of the 1967 amendment to such Act (Ga. L. 1967, pp. 226, 244) specifically repealed *Code* § 81-109 which previously required equitable petitions to be verified. Accordingly, the contention that the action should have been dismissed because not verified is without merit.

■ Item 2 of the will named the seven beneficiaries of the will. Item 3 provided: "It is my desire that my home place in Heard County, Georgia, consisting of my home and 250 acres, more or less, be divided equally among my heirs named in paragraph 2, above; but it is my desire that the said home place be retained by any, or so many of my heirs, who wish to hold it together, and, I direct that if it is the desire of any of my heirs to sell his or her share, the other heirs shall be given an opportunity to buy that share at the value determined by the appraisal I have hereafter set forth in this will." Item 7 sets forth the appraisal referred to in Item 3.

The petition alleged in Count 1 that on January 17, 1968, Thomas Hull Cook sold his one-seventh share of the estate to Robert S. Cook, Jr. but such sale was kept secret to defraud the other heirs and such sale was not recorded until May 5, 1969.

The second count alleged that on April 19, 1969, Robert S. Cook, Jr., as executor of the will, sold the entire acreage to Thomas Hull Cook without authority and in complete defiance of the terms of the will without giving any other of the heirs an opportunity to purchase.

The contention is made that such allegations are not sufficient allegations of fraud to authorize the setting aside of the deeds. Under the Georgia Civil Practice Act, supra, § 81A-109 (b), allegations of fraud must be set forth with particularity. See *Martin v. Approved Bancredit Corp.*, 224 Ga. 550, 553 (163 SE2d 885).

The petitioner alleges the actions taken by the defendants and if these actions are sufficient to show fraud then the petition was not subject to the motion to dismiss.

(a) The will first expressly granted a fee simple estate to each of the heirs and then sought to limit the right of alienation. "The alleged attempt to restrict the alienation is contrary to law, is violative of public policy, and is utterly void. *Wills v. Pierce*, 208 Ga. 417 (67 SE2d 239)." *Jackson v. Jackson*, 215 Ga. 849, 851 (113 SE2d 766). " 'No one can create what is in intendment of the law an estate in fee simple and at the same time deprive the owner of those rights and privileges which the law annexes to it.' *Wright v. Hill*, 140 Ga. 554, 567 (79 SE 546). An expressed devise cannot be cut down by a subsequent item of doubtful meaning. *Sumpter v. Carter*, 115 Ga. 893 (42 SE 324); *Moore v. Cook*, 153 Ga. 840 (113 SE 526); *Nicholls v. Wheeler*, 182 Ga. 502 (185 SE 800)." *Bussey v. Bussey*, 208 Ga. 760, 764 (69 SE2d 569).

The attempted restriction on the right of alienation in the will was void and it was not necessary that the defendant Thomas Hull Cook have offered the plaintiff or any other devisee an opportunity to purchase his interest in the realty before selling the same to Robert S. Cook, Jr. Accordingly, the first count of the plaintiff's petition seeking to set aside the deed

from Thomas Hull Cook to Robert S. Cook, Jr. failed to state a claim.

■ The second count was sufficient to withstand the defendants' motion to dismiss, for after alleging the transfer from Thomas Hull Cook to Robert S. Cook, Jr., it alleged a conveyance of the entire acreage from Robert S. Cook, Jr., in his capacity of executor of the estate, to Thomas Hull Cook.

While the title to the real estate would not vest in the beneficiaries of the estate until the executor assented thereto, yet once having assented to such title vesting it is generally irrevocable. See *Lewis v. Patterson,* 191 Ga. 348, 352 (12 SE2d 593), and citations, and "assent as to one tenant in common would necessarily inure to the benefit of cotenants. See *Hood v. Hood,* 169 Ga. 378 (2) (150 SE 552)." *Lewis v. Patterson,* supra, p. 353.

Recitals in a deed are binding upon the parties thereto and their privies. *Tift v. Golden Hardware Co.,* 204 Ga. 654, 667 (51 SE2d 435), and citations.

Where a deed is recorded there is a prima facie presumption of its delivery. See *Kirby v. Johnson,* 208 Ga. 190, 192 (65 SE2d 811).

"The assent of the executor may be express or may be presumed from his conduct." *Code Ann.* § 113-802.

Applying the above law to the facts in the present case, the assent of Robert S. Cook, Jr., the executor, may be presumed from his conduct to have been exercised before he received the deed from Thomas Hull Cook, and his further conduct in not recording such deed until some fifteen months later shortly after he attempted to convey the entire tract of realty to Thomas Hull Cook. The assent to the vesting of title in the one cotenant was sufficient to remove the right of the executor to later convey the property to anyone in his capacity as executor, and the plaintiff, as a devisee to an interest in such property, alleged sufficient facts to authorize the issue to go to the jury on the question of whether the purported sale by the executor was fraudulent.

■ In view of the allegations of fraud in Count 2 of the petition, the remaining counts of the petition, 3 and 4, are not

subject to a motion to dismiss because an adequate remedy at law may exist for such relief. Compare *King v. King*, 225 Ga. 142 (4) (166 SE2d 347).

The motion to dismiss filed by each defendant sought to dismiss the entire complaint and inasmuch as the plaintiff is entitled, under the allegations of the petition, to the equitable relief sought in Count 2, the judgment overruling the motions to dismiss must be affirmed.

*Judgment affirmed. All the Justices concur.*