## 32725. STANTON et al. v. DICKSON et al.

UNDERCOFLER, Presiding Justice.
We review the judgment of the trial court construing the language of the last will and testament of James Albert Stanton to leave a fee simple estate to Mr. and Mrs. W. Wayne West.
Stanton, testator, executed his will on August 25, 1969. He died on November 11, 1972. His will was entered into probate in solemn form in the Court of Ordinary of Morgan County. A caveat filed on behalf of some of the plaintiffs was denied. Hoyt D. Dickson was qualified as executor and letters testamentary were ordered issued. Appeal by appellants to the superior court resulted in an order of September 4, 1975, directing a verdict for

appellees and confirming the judgment of the court of ordinary in "all respects." There was no appeal filed. Subsequently, under the provisions of Code Ann. §§ 113-2801 — 113-2803, appellants petitioned the superior court for a construction of the will. That court issued its order on June 14, 1977, finding that "except for some personal belongings and the particular bequests, the Wests inherited all of the estate of Mr. Stanton in fee simple." Appellants enumerate three errors. We affirm.

1. Appellants, in their brief, concede the principal matter at issue ". . . is the type of interest . . . devised by the Testator in and to the land and timber thereon known as The M. D. Stanton Farm or Home Place . . ."

The pertinent language of the will reads as follows: "Item 3rd: I give, bequeath and devise to my niece — Mrs. Wayne H. West and her husband Mr. W. Wayne West of the Reese-Centennial community all of my land and the timber thereon on the land known as the M. D. Stanton Farm or Home Place located in Adsboro District of Morgan County in the Sewells Community (near to Sewells church) *to be owned and kept in their possession as long as they live* as I don't want that part of the Stanton ancestral land that I own and which has been in the Stanton family for more than a hundred and forty (140) years to be sold and to get out of the immediate family . . ." (Emphasis supplied.)

Appellants argue strongly that the italicized portion of the foregoing passage from the will creates only a life estate in the Wests.

"In the construction of wills, the great cardinal rule is that the intention of the testator shall govern, provided it be not unlawful or inconsistent with the rules of law. And the intention is to be collected from the whole will . . . Anterior then to the application of any rule of law . . . our business is to collect and fix that intention." *Edmondson v. Dyson,* 2 Ga. 307, 312-313 (1847).

Though inexpertly drawn, a careful reading of the entire will leaves no question as to whom the bulk of the estate is to go to, "Mrs. Wayne H. West and to her husband, Mr. W. Wayne West." And it is also clear to us that Stanton intended to leave this estate to the Wests in fee simple absolute.

"If the expression relied upon to limit a fee once devised be doubtful, the doubt should be resolved in favor of the absolute estate." *Thomas v. Owens,* 131 Ga. 248, 255 (62 SE 218) (1908). We construe the language ". . . to be owned and kept in their possession as long as they live . . ." as mere surplusage explaining Stanton's intentions when making the will as he did. He obviously placed great confidence in the Wests to see that his intentions were carried out. This interpretation is consistent with the other devises and instructions in the will. It is supported by Stanton's failure to indicate expressly who would take in the event his instructions were violated, and it avoids an intestacy which is not favored in construing wills. See 1 Redfearn, Wills and Administration in Georgia, § 142 (3rd Ed.) at p. 353.

2. The second enumeration of error attacks as error the failure of the trial court to find a life estate was created and in failing to direct to whom and in what manner the remainder belongs following the death of the Wests. This enumeration is now moot in view of our decision in Division 1. Likewise enumeration of error 3 is moot.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 20, 1977 — DECIDED OCTOBER 21, 1977.

*E. R. Lambert,* for appellants.
*Eugene P. Baldwin,* for appellees.