### S97A0008. TIMBERLAKE v. MUNFORD et al.
(481 SE2d 217)

FLETCHER, Presiding Justice.

This appeal concerns the interpretation of the will of Dillard Munford and his 1977 settlement agreement with his first wife, Lillie Davis Timberlake. Timberlake seeks a $500,000 legacy under Munford's will, arguing that their 1977 agreement provides for a deferred property settlement from his estate. The estate declined to pay the legacy on the grounds that the agreement provides for a lump sum alimony payment. Adopting the estate's interpretation, the trial court ruled that the plain meaning of the agreement provides that the estate would pay the $500,000 only if Timberlake were entitled to receive alimony when Munford died. We reverse because the plain language of Munford's will, which he executed after he was no longer required to pay alimony, states that he gives $500,000 to his former wife in satisfaction of his obligations under their 1977 settlement agreement.

In 1977 Munford and Timberlake divorced after 36 years of marriage. Paragraph V of their settlement agreement, which was incorporated into the divorce decree, provided:

> The provisions of this Agreement shall constitute a charge against the estate of the Husband and Husband's estate shall pay to the Wife a lump sum of FIVE HUNDRED THOUSAND ($500,000) DOLLARS, within ninety (90) days after his death, in full discharge of his obligation to Wife thereafter.

Munford married appellee Danne' Brokaw Munford in 1980. His first wife remarried in 1990 and her monthly alimony payments stopped. In 1992 Dillard Munford executed his will. Item IV states: "I give Five Hundred Thousand Dollars ($500,000) to my former wife, LILLIAN DAVIS MUNFORD, in satisfaction of my obligations under that certain alimony and property settlement agreement dated March 17, 1977." He died in 1993 and Timberlake filed this action against Munford's second wife individually and as the executor of his estate. Both parties moved for summary judgment. The trial court ruled that the purpose for the legacy in item four of the will had abated when Timberlake remarried and granted summary judgment to Munford's estate.

The construction of a will is a question of law for the court.[1] In construing wills, the cardinal rule is to ascertain and give effect to the testator's intent.[2] To determine that intent, courts must look to the entire will and the circumstances surrounding its execution.[3] A court may hear parol evidence of the circumstances surrounding the testator at the time the will was executed.[4] The parol evidence, however, is not admissible to vary, add to, or contradict the terms of the will.[5]

Applying these rules of construction, we conclude that Munford intended to leave a bequest of $500,000 to his former wife. The language providing for the bequest in the will is not ambiguous. It states that the testator gives his former wife $500,000 to satisfy his obligations under the 1977 settlement agreement. The 1977 settlement agreement states that the husband's estate shall pay the wife a lump sum of $500,000 "in full discharge of his obligation to Wife thereafter." Construed together, these documents indicate that Munford intended to leave $500,000 out of his estate to his former wife.

In addition, the circumstances surrounding the execution of the 1992 will indicate that Munford intended what his will plainly stated. The 1977 settlement agreement required him to pay alimony to his former wife "so long as she remains in life and unmarried." This provision means that Munford's contractual obligation to pay alimony ended when Timberlake remarried in 1990. Yet, two years later he executed a will containing the $500,000 legacy to his former wife. Since he was no longer legally obligated to pay alimony, he must have intended for the bequest to satisfy another obligation.

Moreover, Munford made changes in the language of the bequest from his previous will. Item IV in Munford's 1989 will stated: "I direct the Executor to pay the sum of Five Hundred Thousand Dollars ($500,000) to my former wife, LILLIE DAVIS MUNFORD, in satisfaction of my obligations under that certain alimony and property settlement agreement dated March 17, 1977." Item IV was revised in his 1992 will to state: "I *give* Five Hundred Thousand Dollars ($500,000) to my former wife, *LILLIAN* DAVIS MUNFORD."[6] These revisions contradict the estate's contention that Munford inadvertently included the bequest in the 1992 will.

Because the plain language of the will supports Timberlake's argument that Munford intended for his estate to pay her a lump

---

[1] *Hall v. Beecher*, 225 Ga. 354 (168 SE2d 581) (1969).

[2] OCGA § 53-2-91; *Lemmons v. Lawson*, 266 Ga. 571 (468 SE2d 749) (1996).

[3] *Cumming v. Cumming*, 219 Ga. 655, 658-659 (135 SE2d 402) (1964).

[4] OCGA § 53-2-94; *Hungerford v. Trust Co.*, 190 Ga. 387, 389 (9 SE2d 630) (1940).

[5] *Snellings v. Downer*, 193 Ga. 340, 343 (18 SE2d 531) (1942); *Erwin v. Smith*, 95 Ga. 699 (22 SE 712) (1895).

[6] Emphasis supplied.

sum of $500,000, we reverse the trial court's grant of summary judgment to the estate. We remand for the trial court to enter partial summary judgment for Timberlake and to consider her remaining claims.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED FEBRUARY 24, 1997—
RECONSIDERATION DENIED MARCH 13, 1997.

*Sutherland, Asbill & Brennan, William D. Barwick,* for appellant.

*Warner, Mayoue & Bates, Edward E. Bates, Jr.,* for appellees.