S98A1626, S98X1627. BENNETT v. YOUNG; and vice versa.
(510 SE2d 521)

FLETCHER, Presiding Justice.

Judy F. Calvert Bennett is the widow of James F. Bennett and Debra Elaine Bennett Young is his daughter from his first marriage and executrix under his will. Mrs. Bennett brought a declaratory judgment to establish the meaning of several terms and clauses in the will. Because the trial court's construction of the will was in accordance with the law and the evidence, we affirm.

1. The construction of a will is a question of law for the court.[1] The cardinal rule for construing wills is for the court to ascertain and

---

[1] *Timberlake v. Munford*, 267 Ga. 631, 632 (481 SE2d 217) (1997).

give effect to the testator's intent.[2] In order to determine intent, the courts should consider the will as a whole and the circumstances surrounding its execution.[3] While the trial court may accept parol evidence, such parol evidence may not add to, vary, or contradict the terms of the will.[4]

2. In the direct appeal, Mrs. Bennett challenges the court's construction of the term "homeplace." Under the will, Mrs. Bennett is to receive twenty-five percent of the gross estate and "shall be entitled to claim the homeplace in Villa Rica as part of her Twenty-five (25%) interest." The will does not define "homeplace," but the extrinsic evidence showed that Mr. Bennett owned a home in Villa Rica, in which he and his wife resided, and that he also owned substantial farm acreage surrounding the home. The evidence also showed that the property holdings would constitute significantly more than twenty-five percent of the gross estate.

Mrs. Bennett never made an election as provided in the will, but instead filed a declaratory judgment action to determine the size of the "homeplace." Mrs. Bennett contends that "homeplace" refers to the home and all the acreage and that she should be able to claim as much of the farm acreage as necessary to constitute twenty-five percent of the estate. The record, however, shows that Mr. Bennett did not consider the "homeplace" to encompass all the acreage. Rather, the evidence, including Mr. Bennett's tax appeal and the parties' antenuptial agreement, shows that the "homeplace" included the home and a smaller unidentified parcel of land. Mrs. Bennett failed to come forward with any evidence to provide the keys from which a fact finder could determine the boundaries of this smaller parcel. Without any keys to identify the property, the trial court was correct in holding that the clause permitting an election could not be given effect.[5]

3. Mrs. Bennett also challenges the trial court's construction of terms governing the obligations of the executrix. After reviewing the record, we conclude that the trial court did not err in holding that the executrix was not required to furnish appraisals and that Mrs. Bennett failed to allege facts sufficient for challenging the values established by the executrix.

4. In the cross-appeal, the executrix challenges the court's construction of the term "gross estate." Item III of the will provides that Mrs. Bennett is to receive twenty-five percent of the gross estate and Item IV provides that Mr. Bennett's three children from his first mar-

---

[2] OCGA § 53-4-55; *Timberlake*, 267 Ga. at 632.

[3] *Timberlake*, 267 Ga. at 632.

[4] Id.

[5] See *Scheinfeld v. Murray*, 267 Ga. 622, 623 (481 SE2d 194) (1997).

riage are to share "the rest, residue and remainder of his property." Generally the term "gross estate" refers to the total estate before any reductions for debts or taxes.[6] Looking at the four corners of the will, there is nothing to indicate that the term "gross estate" is to be accorded anything other than its general meaning.

Additionally, if the will gives no direction regarding a specific matter, the court will apply the rules of construction as provided by statute.[7] OCGA § 53-4-63 provides that "unless otherwise directed, the debts of the testator shall be paid out of the residuum,"[8] and there is no language in the will to contradict these instructions. Finally, the parol evidence regarding this term was conflicting. Therefore, we conclude that the trial court did not err in construing "gross estate" to refer to the total estate before reduction for any taxes, debts, and other expenses.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 11, 1999.

*Glen E. Stinson,* for appellant.
*Parks, Chesin & Miller, Larry Chesin, Bagby Law Office, Judith F. Bagby,* for appellee.

---

[6] Sarajane Love, 3 *Redfearn Wills and Administration in Georgia* §§ 428, 429 (5th ed. 1988).

[7] *American Cancer Society v. Massell,* 258 Ga. 717, 718 (373 SE2d 741) (1988).

[8] This provision is consistent with former OCGA § 53-2-101 (a), which was in effect when Mr. Bennett executed his will and when the executrix offered the will for probate.