## S02A1401. IMERYS MARBLE COMPANY v. J.M. HUBER CORPORATION et al.

(577 SE2d 555)

FLETCHER, Chief Justice.

Imerys Marble Company appeals the trial court's judgment in favor of J.M. Huber Corporation and the heirs of Benjamin Cowart regarding the ownership of certain mineral interests. Because the trial court erred in its construction of the relevant will and deeds, we reverse.

Cowart's will devised all his property to his children, provided that his children could not sell the mineral interests during their lifetimes. The will, however, granted the power to the executors to lease or rent the mineral interests for the benefit of Cowart's children and grandchildren. No provision was made in the will for the mineral interests following the death of Cowart's children.

Shortly after the will was probated in 1921, the executors leased the mineral interests to Georgia Marble, the predecessor of Imerys Marble. About the same time, all Cowart's children executed warranty deeds conveying "all of our right, title and interest" in the land lots containing the mineral interests in fee simple to Georgia Marble. The current Cowart family members leased the mineral interests to Huber in 1997. Huber and the Cowart heirs filed a declaratory judgment action to determine the ownership of the mineral interests. The trial court held on summary judgment that the will restriction was valid and a jury returned a general verdict stating that the plaintiffs owned the mineral interests.

### 1910 Will

1. The construction of a will is a question of law for the court.[1] The cardinal rule for construing wills requires the trial court to ascertain and give effect to the testator's intent, provided it is not contrary to the rules of law.[2] In construing the will, the trial court must consider the will as a whole and the circumstances surrounding its execution.[3]

---

[1] *Bennett v. Young*, 270 Ga. 422 (510 SE2d 521) (1999).
[2] *Stanton v. Dickson*, 240 Ga. 15, 16 (239 SE2d 741) (1977).
[3] *Bennett*, 270 Ga. at 422-423.

2. Item 2 of Cowart's 1910 will provided

> I give and bequeath to my sons . . . and my daughters
> . . . share and share alike all of my property both personal
> and real in fee simple, except the marble and mineral inter-
> ests in and to [all of land lot 124 and part of land lot 125],
> which said marble and mineral interests in said lot and part
> lot I give and bequeath to my said sons and daughters, . . .
> with this restriction, to wit, that said marble and mineral
> interests in said land lot and part lot be held in common and
> be not sold by my said children nor by my executors during
> the life of said children.

We agree with the trial court's conclusion that Cowart intended his children to have a fee simple interest in the mineral interests and not merely a life estate. This construction is borne out by the other devises to the children of "all of my property both personal and real in fee simple." Construing this provision as a fee simple devise rather than a life estate is also supported by the failure to name any remaindermen to take after the children.[4] Because the will named no remaindermen, a construction as a life estate would create an intestacy, which the rules of construction do not favor.[5] Finally, construing Item 2 as a fee simple interest is consistent with the statutory presumption that a fee simple interest is created by the use of a simple granting clause naming a designated grantee.[6]

3. The issue then becomes whether the provision restricting the children's ability to sell the mineral interests during their lifetimes is valid. The rule against restraint on alienation is well-established in the common law of our state.[7] The rule provides that any condition in a will or deed that attempts to restrain the power of alienating the legal title to the fee is invalid.[8] When a testator intends to pass a fee simple estate yet imposes restrictions upon the sale of the fee, the restraint is void as a matter of law, and the "intention to pass the property, being the paramount intention of the decedent, is enforced."[9] Because the will impermissibly sought to place a restraint

---

[4] *Stanton*, 240 Ga. at 17.

[5] Id.

[6] OCGA § 44-6-21; Daniel F. Hinkel, *Pindar's Georgia Real Estate Law and Procedure*, § 7-6 (5th ed. 1998).

[7] See, e.g., *Dyer v. Dyer*, 275 Ga. 339, 341 (566 SE2d 665) (2002); *Freeman v. Phillips*, 113 Ga. 589, 591 (38 SE 943) (1901); Daniel F. Hinkel, *Pindar's Georgia Real Estate Law and Procedure*, at § 7-157.

[8] *Cook v. Cook*, 225 Ga. 779, 781 (171 SE2d 568) (1969); Hinkel, *Pindar's Georgia Real Estate Law*, at § 7-158; Sarajane Love, *Redfearn Wills and Administration in Georgia*, § 167 (5th ed. 1988).

[9] *Freeman v. Phillips*, 113 Ga. at 591.

on alienation, the trial court erred in ruling that the restraint on the fee simple estate devised to the children was valid. We hold, instead, that Cowart's will passed fee simple title to all his property, including the marble and mineral interests, to the children.

### 1922 Warranty Deeds

4. The construction of a deed, including the determination of the nature of the estate conveyed, is a question of law for the court.[10] Only where the deed is so ambiguous that the ambiguity cannot be resolved by the ordinary rules of construction is a question for the jury presented.[11]

Approximately one year after their father's will was admitted to probate, the Cowart children executed warranty deeds conveying "all of [our] right, title and interest" to the land in which the marble and mineral interests lay. The deeds specifically provide that the children,

> being legatees under the [will of Cowart], and being legatees to whom by said will the property hereinafter described was devised, . . . have granted, bargained and sold and do by these presents grant, bargain, sell and convey unto [predecessor of Imerys Marble] . . . , all of our right, title and interest, . . . in and to the following described property, . . .
>
> This conveyance is made subject to the rights of the Executors . . . to lease or rent the marble and mineral interest in [the property] as provided by [Cowart's will].
>
> TO HAVE AND TO HOLD THE above granted and described property, . . . , in FEE SIMPLE, [the grantors] . . . shall and will, and do hereby warrant and forever defend, by virtue of these presents.

Thus, the deeds expressly state that the conveyance of the land is made in "fee simple" and includes a general warranty of title. More importantly, the deeds contain no reservation for or exception of the mineral interests.[12] A conveyance of land without any reservation whatever carries with it the mineral interests.[13]

---

[10] *Thurmond v. Thurmond*, 179 Ga. 831, 834 (177 SE 719) (1934).

[11] *Hardman v. Dahlonega-Lumpkin County Chamber of Commerce*, 238 Ga. 551, 553 (233 SE2d 753) (1977).

[12] Compare *Grant v. Haymes*, 164 Ga. 371, 376-377 (138 SE 892) (1927) (containing example of language sufficient to reserve mineral interest in grantor).

[13] *Bryan v. Willingham-Little Stone Co.*, 194 Ga. 563, 565 (22 SE2d 40) (1942); *Wright v. Martin*, 149 Ga. 777, 782 (102 SE 156) (1920).

The deed's recitation that the conveyances were subject to the lease of the mineral interests made by the executors did not reserve the mineral interests to the children nor did it create any ambiguities as to the estate conveyed. This recitation does nothing more than its plain language suggests: the conveyance does not hinder or extinguish the executor's previous lease agreement.

Because the warranty deeds unambiguously passed fee simple title in the lands, which includes the marble and mineral interests, from the Cowart children to Georgia Marble, the trial court erred in holding that title passed to the Cowart heirs through the Cowart children.

*Judgment reversed. All the Justices concur, except Carley, J., who dissents.*

DECIDED FEBRUARY 24, 2003 —
RECONSIDERATION DENIED MARCH 28, 2003.

*Phears & Moldovan, H. Wayne Phears, Landrum & Landrum, Phil M. Landrum, Jr.,* for appellant.

*Seyfarth & Shaw, Allen W. Groves, Kilpatrick Stockton, Thomas C. Harney, David E. Ralston,* for appellees.